ELLA MCCARTHY ET AL. *v.* F. IRVING MAXON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 10—decided November 14, 1947

*Arthur D. Weinstein*, with whom were *Joseph P. Kenny* and, on the brief, *Julius B. Schatz*, for the appellant (defendant Frank Ritvo).

*Henry H. Hunt* filed a brief for the appellant (named defendant).

*Robert L. Halloran*, for the appellees (plaintiffs).

JENNINGS, J. The plaintiff wife, hereinafter referred to as the plaintiff, was injured as the result of falling down a flight of stairs as she was leaving the office of the named defendant, a veterinarian.

She and her husband brought suit against him, as tenant, and the owner, Frank Ritvo, and had verdicts. The defendants appealed, assigning as error the denial of their motions to set aside the verdicts, rulings on evidence and errors in the charge.

A detailed review of the extensive evidence would serve no useful purpose. The jury reasonably could have found these facts: The stairway was rather dark; the plaintiff, while in the exercise of due care, caught her heel in a defective rubber mat covering the top step at the stair landing and was precipitated down eight steps to the bottom, striking her head against the newel post. Both defendants had at least constructive notice of the defective condition of the stairs in time to have corrected it but failed to do so. The plaintiff hurt her leg, her back and her jaw and fractured her skull. She was in the hospital nine days, in bed at home without getting up for about six weeks. She then started to improve, and at the time of trial, over two years after the fall, her injuries had pretty well cleared up except that she still was troubled with pains in her head, because of which her activities were somewhat restricted. She does not claim in her brief, and there is no evidence, that her injuries are permanent. Her own statement was as follows: "Yes, I'm getting along good but I'm not all better yet."

The respective responsibilities of the owner and tenant will be discussed in connection with the appeal from the judgment. In general, there was ample evidence to support the verdicts on liability. *White* v. *Herbst,* 128 Conn. 659, 25 A. 2d 68. The claim of the defendants, pressed in their briefs, that they had proved the plaintiff guilty of contributory negligence is devoid of merit. The wife was awarded $9000. She had been working for about a year

and a half before the accident, helping out in a war plant, but it is extremely problematical whether the jury would have been justified, on the evidence submitted, in making any substantial award for lost wages. Be that as it may, a majority of the court is convinced that the verdict is excessive and that a remittitur of $2000 should be ordered. *DiLeo* v. *Dolinsky,* 129 Conn. 203, 207, 27 A. 2d 126.

This was a trial to the jury and the finding as made furnishes an adequate basis to test the claimed errors as to the charge. *Doyle* v. *Reeves,* 112 Conn. 521, 528, 152 A. 882. There were numerous exceptions to rulings on evidence but only five were pressed in the briefs.

A visiting nurse of twenty-five years' experience, who attended the plaintiff for a month, was asked the customary charge for the services rendered by the plaintiff's daughter in caring for the plaintiff, and she answered, "About five dollars a day." No reason was stated for the objection. Practice Book § 158. In the absence of any statement of the ground of objection, we do not consider the ruling. *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346. The rule that the ground of objection should be stated also applies to the denial of a motion to strike out an answer of Maxon that Ritvo had his men make repairs. Two rulings relate to evidence of an agreement to repair made by Ritvo and of repairs made. The first was admissible as relevant to the claim that Ritvo had no reason to expect that Maxon would make the repairs; *Corrigan* v. *Antupit,* 131 Conn. 71, 74, 37 A. 2d 697; and the second as evidence of control. *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 121 A. 408. The written records of the Visiting Nurse Association were admitted under General Statutes, Cum. Sup. 1935, § 1675c. They were made a part of

the finding, and an examination of them shows that they were properly admitted under the rule stated in *Borucki* v. *MacKenzie Bros. Co.*, 125 Conn. 92, 100, 3 A. 2d 224. The two entries in the report to which objection was particularly made—the name of the attending physician and the diagnosis of the cause of the plaintiff's condition—were made in answer to inquiries printed upon the blank furnished the nurse to be used for her report and were clearly facts directly connected with the performance of her duty.

A brief statement of the finding is necessary to test certain claims of the owner, Ritvo. The following facts were not disputed: The building in question had been occupied by Maxon as a veterinary hospital and residence since 1930 under leases from various owners. Ritvo bought it in 1939. At that time Maxon rented it from Ritvo on a month-to-month basis for $60 per month. The doctor's office was on the second floor. The front door of the building was open at all times. A stairway led from it to the office. There were eight steps leading to a landing and then, by a reverse turn, seven steps to the second floor. Rubber mats were attached to and covered most of the surface of the treads.

The plaintiffs' claims of proof are sufficiently stated above as facts which the jury reasonably could have found. Maxon claimed that the stairway was safe and well lighted, that Ritvo agreed to take care of repairs and decorating at the time he leased to Maxon, that the rubber matting was in the same condition in 1930 as it was at the time of the fall and that Ritvo, not infrequently, had walked over the stairway before the accident. Ritvo claimed that he had no knowledge of the condition of the stairway and made no agreement to repair. He admitted

that he had made outside repairs to preserve the building but claimed that he did not know or have any reason to believe that Maxon would not repair the matting.

One objection to the charge was the failure of the court to instruct the jury that if the rubber mat was not part of the leased premises Ritvo was not liable. Such an instruction was not necessary. As the plaintiff points out, the mats, attached to the treads, as is apparent from the photographs made a part of the finding, were as much a part of the leased premises as the paper on the wall. It was stated and not denied that they were there when Maxon took possession fourteen years before and have been there ever since. Their character, method of attachment and use made them, in the absence of any evidence of a contrary intent, a part of the leased premises. *Lesser* v. *Bridgeport-City Trust Co.*, 124 Conn. 59, 63, 198 A. 252.

The other objections, several in number, revolve around the proper place in the case of the claimed agreement to repair. Many of them lose their force when it is considered that the agreement to repair was neither mentioned in the pleadings nor relied on by the plaintiff. It was clearly pointed out in the charge that it did not relieve Maxon of liability and that it was of importance only as bearing on the reasonableness of a claimed expectation on the part of Ritvo that Maxon would make the repairs. If Ritvo had agreed to make repairs, he had less reason to expect that Maxon would make them than if he had made no such agreement. The charge apparently was carefully patterned on the proposition stated in *Webel* v. *Yale University*, 125 Conn. 515, 522, 7 A. 2d 215, and enlarged in *Corrigan* v. *Antupit*, supra, 73, to include disrepair in addition to

structural defects. As stated in the *Webel* case (p. 523): "The basis of liability in such a case . . . is that the landowner leases premises on which he knows or should know that there are con-ditions likely to cause injury to persons entering on them, that the purpose for which the premises are leased involves the fact that people will be invited upon the premises as patrons of the tenant, and that the landowner knows or should know that the tenant cannot reasonably be expected to remedy or guard against injury from the defect." The facts claimed to have been proved bring the case fairly within the ambit of this proposition and the charge on the point was unexceptionable.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff Ella McCarthy within three weeks from the time she receives notice of the decision of this court shall file in the office of the clerk of the Superior Court a remittitur of $2000 of the amount of the verdict; but if such remittitur shall be filed judgment shall thereupon, as to the residue, be entered upon the verdict; the costs of this appeal to be taxed in favor of the appellant in either event.

In this opinion the other judges concurred.