SOPHIE MANFREDI *v.* UNITED AIRCRAFT CORPORATION ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 1—decided May 29, 1951

*Henry J. Goldberg* and *Jacob Schwolsky,* for the appellant (plaintiff).

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellees (defendants).

INGLIS, J. The sole question upon this appeal is whether the conclusion of the compensation commissioner that any "back condition" which the plaintiff may have is not due to an accidental injury which arose out of and in the course of her employment is so unreasonable that it cannot stand. Upon her motion to correct the finding, a transcript of the entire evidence taken before the commissioner in January, 1948, was filed in court. From that transcript it appears that the plaintiff was employed by the named defendant as a "bench Dumore grinder" from 1942 on. In connection with that work she had to lift heavy pans of gears and take them to her bench. She first set the date of her claimed accident as in April, 1943, but later, when faced with the defendant's records, changed it to February 3, 1944. She testified that on that occasion, as she was picking up a pan of gears, she felt her back snap and had to drop the pan. She went directly to the defendant's clinic, where x-rays were taken and a padded belt was applied. That evening, upon the advice of a chiropractor whom she consulted, she removed the belt and did not wear it thereafter. She further

testified that from then on she felt pain in her back, particularly during her menstrual periods. She claimed that in April, 1947, she again felt a snap in her back as she was lifting a pan of gears and that it was followed by pain. She did not report to the defendant's clinic, but on the same evening she consulted her own physician. He sent her to the Hartford Hospital, where she was under treatment for five weeks. She was unable to work from then until the date of the hearing.

Various excerpts from the medical records kept by the defendant in the ordinary course of business were, without objection, read into the evidence. The plaintiff now claims that this was hearsay evidence and, therefore, could not properly form the basis for any finding by the commissioner. It is true that, under the technical rules of evidence, the proper way to prove the contents of such records is to introduce the record itself rather than to ask a witness to read from it. A compensation commissioner, however, is not bound by rules of evidence "but shall make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of" the law. General Statutes § 7447; *Nicotra* v. *Bigelow, Sanford Carpet Co.,* 122 Conn. 353, 360, 189 A. 603. Accordingly, the commissioner in this case not only was entitled to receive oral testimony as to the contents of the records but also was justified in predicating a finding of facts thereon. See General Statutes § 7903; *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 100, 3 A. 2d 224; *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A. 2d 912.

The following facts were found by the commissioner, and his findings were amply supported by the evidence. On February 3, 1944, the plaintiff reported to the defendant's medical department and complained of an aching and stiffness through the lumbar region. She

spoke of no particular injury or sudden strain but said that the pulling of pans in her work caused her discomfort. X-rays were taken and showed a marked congenital anteroposterior lordosis at the fourth and fifth lumbar vertebrae. She was given a sacroiliac belt and went back to work.

She continued in the employ of the defendant until the middle of August, 1945. Although she visited the defendant's clinic on several occasions during that period, she made no reference to her back condition after April 4, 1944, when she stated that her back was not too troublesome. Immediately after she was discharged by the defendant she was employed by the Underwood Typewriter Company. Prior to that employment she passed a physical examination and was hired without signing any waiver. On November 13, 1946, she was rehired by the defendant at her old job. From then until she went into the Hartford Hospital in May, 1947, she made no complaints concerning her back to the defendant's medical department, and that department was not told of her intention to enter the hospital. The hospital record disclosed that the history she gave upon admission was that four days before entry, while bending over slightly and removing her nightgown, she felt a snap in her back and pain became very severe. That pain is described as sciatic. The x-rays showed no evidence of traumatic changes.

Upon an appeal to the Superior Court from a finding and award of a compensation commissioner, the court cannot retry the facts. It inquires into the facts merely to determine whether the finding and award appealed from are unauthorized in law, irregular or informal, or based upon a misconception of the law or of the powers or duty of the administrative tribunal, or are so unreasonable as to justify judicial interference. *Fiengo* v. *E. Vitale, Inc.*, 125 Conn. 559, 562, 7 A. 2d

385. The commissioner stated in his finding that the plaintiff was not frank in her testimony but evasive. It was within his province to determine to what credibility she was entitled. *Winzler* v. *United Aircraft Corporation*, 132 Conn. 118, 119, 42 A. 2d 655; *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 655, 136 A. 472; *Palumbo* v. *George A. Fuller Co.*, 99 Conn. 353, 355, 122 A. 63. If he disbelieved her testimony that on February 3, 1944, she felt a snap in her back while lifting a pan of gears, there was nothing in the case to relate her back condition to her employment. Under the statute as it was at the time of her claimed injury, the plaintiff, to be entitled to compensation, had the burden of proving that the injury to her back was an accidental one arising out of and in the course of her employment and one which could be definitely located as to time and place. General Statutes, Rev. 1930, § 5223. Portions of the evidence indicated that the trouble with the plaintiff's back was due to a congenital defect and was not the result of any particular injury or strain. Upon all of the evidence, the commissioner's finding and conclusion that the plaintiff had failed to prove that her injury was one which could be definitely located as to time and place and was one which arose out of and in the course of her employment was not unreasonable. The trial court's dismissal of the appeal was proper.

There is no error.

In this opinion the other judges concurred.