STATE OF CONNECTICUT *v.* ANTONIO FERRAIUOLO

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 17, 1958

*Alfonse C. Fasano,* with whom was *Joseph F. Trotta,* for the appellant (defendant).

*Ernest H. Halstedt,* assistant attorney general, with whom was *Richard E. Rapuano,* for the appellee (plaintiff).

DALY, C. J. This action was instituted by the state on a petition for an order requiring the defendant to contribute to the support of his daughter, Theresa Wyman. The petition was dated August 21, 1957, and judgment was rendered on October 10, 1957, ordering the defendant to pay $40 per month to the state toward her support. The defendant has appealed from the judgment.

The defendant has assigned error in the refusal of the court to add fourteen paragraphs of his draft finding to the finding, contending that they contain facts which were admitted or undisputed. In his brief he has pursued this claim only to the extent of claiming that the court erred in refusing to find the facts stated in six paragraphs. The court did include the fact contained in one of the suggested paragraphs. The facts contained in the other five were not admitted or undisputed. The defendant assigns error, also, in the finding of the facts contained in thirteen paragraphs of the finding. This claim is not pursued in his brief, and is therefore treated as abandoned. *Stanley* v. *Hartford,* 140 Conn. 643, 645, 103 A.2d 147; Maltbie, Conn. App. Proc., § 327.

The court found the following material facts: Theresa Wyman is the daughter of the defendant. She and her two children, Charles Wyman, Jr., who was born in 1944, and Pauline Wyman, who was born in 1941, live together. The state is providing public assistance for their support in the sum of

$172.50 per month. The award of that monthly sum includes an allotment of $50.10 per month for the individual needs of Theresa Wyman. The state welfare department prosecuted the liability of Theresa Wyman's husband for the support of his family. He is unable to work as a result of injuries sustained in an automobile accident. Investigations of the financial condition of legally liable relatives of public assistance recipients are made by members of the staff of the resources and reimbursement division of the state welfare department. Their findings are reduced to writing and entered in a department file. When such a relative refuses to contribute toward the support of the dependent, he is notified that a petition for an order requiring him to do so will be presented to the court. The case is prepared by members of the staff of the division. Philip Obst, a supervising investigator in the division, investigated the defendant's resources and assessed his financial ability on the basis of investigative data recorded as entries in the files of the welfare department. The defendant earned a gross wage income of $415 per month. He owned three pieces of property —his own home, a six-family house and a three-family house. The gross monthly rentals, $347.50, received by him, less monthly expenses of $145 for taxes, water and interest on mortgages, amounted to $202.50. This sum and his monthly wage, $415, totaled $617.50. From this sum a monthly tax deduction allowance of $91.60 was subtracted, leaving an adjusted monthly income of $525.90. An exempted monthly income allowance of $255 for the defendant and his wife was deducted. This left excess income amounting to $270.90. After deducting an allowance of $120.99 for "exceptional indebtedness," the monthly balance amounted to $149. The welfare

department determined that $59, or 40 per cent of that sum, was available for contribution by the defendant for the support of his daughter. That percentage is based upon a responsibility factor of four-tenths of the sum which the department determined represented excess income. The remaining 60 per cent of the $149 was available to the defendant for the payment of marginal expenses not specifically allowed.

The trial court concluded that the defendant is liable for the support of his daughter, Theresa Wyman, and that he is able to contribute $40 per month toward her support.

The defendant claims that the commissioner of welfare is not authorized by statute to award assistance for the individual needs of Theresa Wyman as the supervising relative of her dependent children, and that there is no statutory authority for an action against a father of a supervising relative. Public Acts 1957, No. 34, § 3, which repealed § 1623d of the 1955 Cumulative Supplement, provides: "(a) Aid shall be granted on behalf of such dependent child or children and for the needs of such supervising relative to any such relative eligible therefor under this chapter to an extent adequate to enable the relative caring for such child or children, together with all other available income and support, to maintain a standard of living in the home reasonably compatible with health and decency for such child or children. The amount of the aid shall be determined in accordance with standards of assistance established by the commissioner. . . ." Public Act No. 34 took effect on July 1, 1957. Section 1445d of the 1955 Cumulative Supplement provides: "When any person who is a recipient of public assistance from the state has a . . . father . . . who is able to

provide all or part of such person's support but neglects or refuses to do so, the court of common pleas may make and enforce such orders for payment by any such relative for support of such public assistance recipient as said court shall find to be reasonably commensurate with the financial ability of such relative, considering the number and condition of others dependent upon him. . . ." The assistance awarded for the individual needs of Theresa Wyman, a supervising relative, was authorized by § 3 of Public Act No. 34, and this action against her father, the defendant, was authorized by § 1445d.

In other assignments of error the defendant claims that the court erred in concluding that "$45.00 is a reasonable amount" and in failing to consider all of his claimed expenses. The court did not conclude that $45 is a reasonable amount. It concluded that the defendant "is able to contribute $40 per month toward the support of his daughter, Theresa Wyman." Section 1445d provides that the court "may make and enforce such orders for payment by any such [legally liable] relative for support of such public assistance recipient as said court shall find to be reasonably commensurate with the financial ability of such relative, considering the number and condition of others dependent upon him." The liberal amounts allowed by the court for the defendant's expenses, with the consequent limiting of the amount of the ordered payments to $40 per month, conclusively show that this sum was reasonably commensurate with the financial ability of the defendant, considering the number and condition of others dependent upon him.

The defendant, in one of his assignments of error, maintains that the court erred in admitting the testimony of Philip Obst. The finding in connection

with the rulings on evidence in question is inadequate to show that the requirements of § 3159d of the 1955 Cumulative Supplement[1] were fully complied with. While this court as a general rule will not go outside of the finding made, it will consult the evidence brought before it by the appellant for any purpose if by so doing it can avoid a finding of error. Maltbie, Conn. App. Proc., § 131. Obst, the only witness for the plaintiff, testified that he was employed as a supervising investigator in the resources and reimbursement division of the state welfare department; that he sent operatives to investigate the financial condition of the defendant; that he secured from the defendant's employer information as to the amount of the defendant's wages; that he ascertained the recorded data showing the defendant's real estate holdings, the income therefrom and other relevant information; that employees of the division of resources and reimbursement, in the regular course of business, investigated the financial conditions of legally liable relatives of persons receiving

[1] "Sec. 3159d. ADMISSIBILITY OF BUSINESS ENTRIES AND PHOTOGRAPHIC COPIES. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. Such writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of such evidence, but not to affect its admissibility. . . . The term 'business' shall include business, profession, occupation and calling of every kind."

state aid; and that the information so obtained in the regular course of business was reduced to writing and recorded, at or about the time the investigations were made, in the file from which he was reading while testifying. The defendant objected when the witness was asked what his investigative findings were. The ground of objection stated was that the question called for an answer predicated upon hearsay evidence. The objection was overruled. The court was warranted in finding, on the basis of the testimony of Obst, that the entries in the file from which he was reading were qualified under the provisions of § 3159d as business entries. The defendant did not object to the testimony on the ground that the file had not been offered in evidence, though the proper procedure would have been to offer it. *Manfredi* v. *United Aircraft Corporation,* 138 Conn. 23, 25, 81 A.2d 448. Nor did he claim that the plaintiff had failed to establish that the entries were made as prescribed by the statute. His only ground of objection was that the testimony was hearsay. The statute expressly provides that business entries which are admissible under it shall not be rendered inadmissible by reason of the failure to produce as witnesses the persons who made them. *D'Amato* v. *Johnston,* 140 Conn. 54, 62, 97 A.2d 893. The court did not err in overruling the objection of the defendant made on the ground stated.

The defendant objected, also, when Obst was asked the following question: "In addition to the specific allowance made by the Welfare Department for exceptional expenses [of a legally liable relative], as itemized and approved by the relatives in a given case, is the income scale used by the department in this and other cases intended to reflect an allowance for marginal needs not necessarily covered by any

specific allowance?" The defendant stated as the ground of the objection: "This is hearsay." The question did not call for an answer predicated on hearsay. It was an inquiry related to the practice or method followed by the welfare department, in which the witness was employed. The court did not err in overruling the objection.

There is no error.

In this opinion the other judges concurred.