EUNICE SZELA, ADMINISTRATRIX (ESTATE OF WALTER SZELA) *v.* JOHNSON MOTOR LINES, INC., ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and COVELLO, Js.

Argued October 9—decided December 2, 1958

*Joseph I. Sachs,* with whom were *Kalman A. Sachs* and, on the brief, *Harry L. Edlin, Arthur S. Sachs* and *Robert N. Giaimo,* for the appellants (defendants).

*Francis J. Moran,* with whom were *Louis A. Perras, Jr.,* of the Massachusetts bar, and *John E. McNerney,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought this action to recover damages for the death of her decedent, Walter Szela, allegedly caused by the negligence of the defendant Flay Jackson in operating a tractor-trailer truck in the course of his employment for the named defendant. The plaintiff had a verdict. The defendants, their motion for a directed verdict having been denied, moved for judgment notwithstanding the verdict and, in the alternative, that the verdict be set aside. Practice Book §§ 233, 234. The court denied their motion, judgment was entered upon the verdict, and the defendants have appealed.

Their assignment of errors raises questions of law concerning the court's ruling on their motions and concerning the finding, the charge, and rulings on the admission of evidence offered by the defendants.

Some of the parties' claims of proof are not in serious dispute. Szela was fatally injured in an accident which involved the tractor-trailer truck driven by him and the truck of the defendants. The accident occurred in the early morning hours of August 23, 1954, at a railroad underpass on the Boston Post Road in Madison in this state. The weather was clear, the roadway was dry, and the traffic was light. Szela's vehicle was empty. The one operated by Jackson carried 27,000 pounds of cotton goods. Szela approached the underpass, proceeding west, while Jackson was proceeding east. Their respective vehicles came together a foot or two south of the middle line of the two-lane concrete highway. The vehicles came to rest on the southerly portion of the highway, partly on and partly off the eastbound lane, forty-six feet eight inches from the point of impact. After the accident, there were marks caused by a dual-tired wheel of a type used on the defendants' trailer which started in the westbound lane two feet north of the middle of the highway and twenty feet west of the underpass. These marks extended northward in an arc to within three feet of the northerly edge of the concrete pavement, where they turned southward, crossed the middle line of the roadway, passed through some debris at the point of impact and continued to within ten or fifteen feet of the left rear wheel of the defendants' vehicle. As Jackson approached the underpass, he was driving at the rate of forty miles an hour.

The parties were sharply at issue as to who caused the accident. The defendants claimed that Jackson

was not negligent and that the collision occurred because Szela, driving a truck more than twelve feet six inches in height without a permit, in violation of General Statutes § 2501, negligently attempted to drive his vehicle under the railroad bridge, which was too low to admit it, and that the front of his trailer struck the bridge, causing the trailer to "jackknife" to the left and turn over directly in the path of the defendants' vehicle. The plaintiff claimed that Jackson, approaching the underpass on a slight downgrade at forty miles an hour, was driving in the northerly or westbound lane. Szela, she argues, confronted with the truck, coming toward him on its wrong side of the road, pulled to his left sharply to avoid a head-on collision and thereby caused his trailer to jackknife, so that its front corner tilted upwards and struck the bridge and the trailer turned over. Variable factors entering into the measurement of the height of the underpass at the point where the Szela trailer struck the bridge and the height of the front end of the trailer made it impossible to fix the exact height of either as an indisputable fact. See *Nelson* v. *August,* 145 Conn. 347, 349, 142 A.2d 726. Therefore, the jury were not required to accept the defendants' claim as to Jackson's lack of negligence or their further claim that Szela's conduct was negligent and was, consequently, the sole cause of the accident or a contributing cause. On the other hand, the jury could have inferred from the tire marks that the defendants' truck was approaching the underpass on the wrong side of the road and at too fast a speed in view of the highway signs west of the underpass which bore the legends "Railroad Underpass," "12 Feet 3 Inches Clearance," and "Slow Down." *Fallo* v. *New York, N.H. & H.R. Co.,* 123 Conn. 81, 84, 192 A. 712; *Esserman*

v. *Madden,* 123 Conn. 386, 388, 195 A. 739; *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473. Upon all the evidence, disputed factual issues were presented to the jury revolving about subordinate facts which could be accepted or rejected by them, and from which reasonable and logical conclusions on the issues of negligence and contributory negligence could be drawn either way. *Gennallo* v. *Mazzacane,* 144 Conn. 686, 688, 137 A.2d 534. The court did not err in denying the motion for judgment notwithstanding the verdict or to set aside the verdict, so far as the motion pertained to the issue of liability.

The defendants also claim that the verdict of $75,000 should have been set aside as excessive. We have had occasion recently to examine the elements which enter into the assessment of damages under our wrongful death statute. Cum. Sup. 1955, § 3230d (now Public Acts 1957, No. 532); *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 669, 136 A.2d 918. We said (p. 676): "[O]ur rule gives no mathematical formula which the trier can apply. This, however, is a shortcoming inherent in the problem." When it does not affirmatively appear that the jury were influenced by partiality, prejudice or mistake of law or fact, as by some circumstance which could improperly influence their deliberations or by a disregard of proper instructions or by an erroneous ruling of law, the question is whether the amount awarded is so large or so small as to offend the sense of justice and to compel a conclusion that the jury were moved by considerations not properly in the case. *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703, 109 A.2d 589; *McKirdy* v. *Cascio,* 142 Conn. 80, 86, 111 A.2d 555; *Fairbanks* v. *State,* 143 Conn. 653, 661, 124 A.2d 893. The jury could have found that Szela was thirty-one years old when he

died. He was in good health and had never been previously injured. He was married and his widow and three children survive. His marriage was happy, and he enjoyed the company of his family. He was a man of good habits and had been steadily employed as a truck driver. His wages had averaged $83 a week during the year prior to the date of the accident. His life expectancy was 41.58 years. Under the rule stated, we cannot say that the amount is so large that it offends the sense of justice.

Before we consider the errors claimed in the charge and the rulings on evidence, we shall first pass upon the errors assigned in the finding. In a case tried to the jury, the trial court's action upon a motion to set aside the verdict or for judgment notwithstanding the verdict is tested by the evidence. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.,* 145 Conn. 390, 391, 143 A.2d 438; Maltbie, Conn. App. Proc., p. 227. A finding in a jury case is not a statement of facts found proven. It is a narrative of facts which the respective parties claim there was proof to establish. Maltbie, Conn. App. Proc., § 145. When, as in the case at bar, the finding clearly presents the claims of proof, supported by evidence, necessary to consider the errors assigned in the charge and the rulings on evidence, no corrections are necessary. *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 543, 116 A.2d 167; *Salvatore* v. *Hayden,* 144 Conn. 437, 439, 133 A.2d 622; *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912; Maltbie, Conn. App. Proc., p. 199. The trial court committed no error with respect to the finding.

We turn now to the errors claimed in the charge. The defendants complain of the failure of the court to grant certain of their requests concerning the application of the rule of proximate cause. They

assert that Jackson's negligence, if any, including his speed, was a condition, as distinguished from a cause, of the accident and that the court should have instructed the jury specifically concerning this distinction. They rely upon *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 A.2d 83, and *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762. In the latter case, we laid down (p. 195) the "substantial factor" rule which the court correctly charged to the jury in the instant case. In the *Kinderavich* case, supra, we said (p. 95) : "Properly understood, to say that conduct is a condition rather than a cause of an accident means no more than that it is a remote and not a proximate cause, 'a remote circumstance which merely gave rise to the occasion for the injury.' " The court stated the rule of proximate cause correctly, reviewed the claims of the parties as to the negligence of the defendants and the contributory negligence of Szela, and instructed the jury to apply the rule to the evidence upon which these claims were based. *Mahoney* v. *Beatman,* supra, 195; Maltbie, Conn. App. Proc. §§ 87, 88. This was proper and sufficient. Furthermore, any attempt to distinguish between cause and condition would have been improper in this case. *Kinderavich* v. *Palmer,* supra, 95; *Cosgrove* v. *Shusterman,* 129 Conn. 1, 9, 26 A.2d 471; *Edgecomb* v. *Great Atlantic & Pacific Tea Co.,* 127 Conn. 488, 490, 18 A.2d 364.

The defendants requested the court to charge that there was no evidence from which the jury could find the life expectancy or state of health of Szela "after the instant of his collision with the [bridge] and before the instant of his collision" with the defendants' vehicle, or determine whether his injuries were proximately caused by the collision with the bridge or by the collision with that vehicle. The refusal of the

court to comply with these requests, even if it is conceded that they were proper, in no way harmed the defendants. According to the theory upon which the case was tried, Szela's trailer struck the bridge either because it was too high to go under, in which event Szela could be found negligent, as claimed by the defendants, or because, in the emergency created by Jackson's negligence, Szela's sudden turn to the left to avoid a head-on collision caused the trailer to jackknife, rise up, and hit the bridge, as claimed by the plaintiff. Upon the court's instructions relating to proximate cause, if the jury found the former to be the situation and therefore that Szela was contributorily negligent, they would not need to consider the issue of damages; if they found the latter, the charge as given was adequate. The test of a charge is not whether it applies pertinent rules of law to every ramification of facts conceivable from the evidence. Rather, it is whether the charge "fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 20, 118 A.2d 798; *Steinecke* v. *Medalie*, 139 Conn. 152, 157, 90 A.2d 875. This comment applies with equal force to the defendants' claim that the court in its charge concerning damages failed to include, as the defendants had requested, any reference to the small size ($600) of Szela's estate. The charge, viewed in its entirety, was adapted to the issues, correct in law and sufficient for the proper guidance of the jury. *Smith* v. *New Haven*, 144 Conn. 126, 129, 127 A.2d 829.

The defendants complain of the court's refusal to charge that a violation of General Statutes § 2501 was negligence as a matter of law. The court charged that a violation of this statute constituted

negligence but, to be contributory negligence, such a violation must be a "proximate cause or substantial factor" in bringing about the injuries. The defendants rely upon *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 99 A.2d 138. In that case the plaintiff's decedent drove his truck, loaded with inflammable materials, onto a railroad grade crossing without stopping, looking or listening for approaching trains, in violation of General Statutes § 2418. It was established (p. 325) as an indisputable fact that the violation of the statute was a substantial factor in causing the accident. In the instant case, the parties were at issue whether the truck struck the bridge because it was too high to go under it or whether the approach of the defendants' vehicle on the wrong side of the road made Szela turn sharply to his left, causing the trailer to tilt upwards so that it struck the bridge. The cases are clearly distinguishable on the facts.

The defendants complain because the court failed to grant their specific request to charge relating to the conduct of a driver of a motor vehicle in an emergency. The charge of the court on this matter was correct. *Danehy* v. *Metz,* 140 Conn. 376, 380, 100 A.2d 843. It was not required to follow the exact language of the request. *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 99, 119 A.2d 736. The defendants also requested a specific charge that there was no evidence upon which the jury could find, or infer, that Szela "made any attempt to make any sudden turn to the left, or to apply his brakes or in any other way to avoid the accident." This request and two others, which in effect asked for a directed verdict in favor of the defendants, were properly refused. The trial court may not in its charge pass upon controverted issues of fact by stating as true

a fact which is in dispute. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798. There was no error in the charge.

The defendants assign error in two rulings on evidence. In connection with the depositions of the office and branch managers of the company which had manufactured the trailer attached to the tractor operated by Szela, the defendants offered a document called a "Sales & Production Order." It was a printed form filled in with typed data comprising specifications for the construction of the trailer. Figures relating to its height were included. The form also contained, on its face, some written memoranda described by the witnesses as computations relating to the height of the tractor and the trailer and, on the reverse side, a diagrammatic sketch drawn in pencil. The court, after a series of rulings relating to the admissibility of the written memoranda on the face and reverse side of the exhibit, admitted it with these deleted. Section 3159d of the 1955 Cumulative Supplement allows the admission in evidence of a record "made as a memorandum or record of any act, transaction, occurrence or event . . . if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." The statute lays down three distinct qualifications, all of which must be met: (1) The memorandum must be made in the regular course of business. (2) It must be the regular course of business to make the memorandum. (3) The memorandum must be made at the time when the act, transaction or event occurred or within a reasonable time thereafter. *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 60, 192 A. 317; *State* v.

*Ferraiuolo,* 145 Conn. 458, 463, 144 A.2d 41. The trial court's rulings were correct because the witnesses through whom the exhibit was offered could not say when or by whom the deleted memoranda were made.

The defendants offered in evidence the testimony of a highway department engineer, in charge of issuing permits under General Statutes § 2501 for the operation of a motor vehicle exceeding twelve feet six inches in height, to show that no such permit had been issued for the Szela trailer. The court refused to admit the offer over the plaintiff's objection that there was no evidence that the trailer exceeded twelve feet six inches in height. Evidence that the trailer exceeded that height had, however, been previously introduced. But the court's ruling was harmless, because the plaintiff later conceded that no permit had been obtained—a concession which the court repeated in the charge.

There is no error.

In this opinion the other judges concurred.