PETER ORZECHOWSKI v. AMELIA V. HIGGINS ET AL.

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 14—decided May 26, 1959

*William E. C. Bulkeley,* with whom was *Harry Schwolsky,* for the appellants (defendants).

*Thomas J. Hagarty,* for the appellee (plaintiff).

BALDWIN, J. The defendants have appealed from a judgment of the Superior Court entered upon a jury's verdict. They assign error in the denial of their motion to set aside the verdict as not supported by the evidence on the issue of liability and as excessive, in the charge, and in rulings on evidence. Only two of the assigned errors need be considered in order to dispose of this appeal.

We shall consider first a ruling on evidence. The plaintiff was struck by the automobile of the named defendant when it was being operated by her husband, the defendant John J. Higgins, on Huber Street in New Britain at 8 p.m. on January 23, 1953. On direct examination, the plaintiff produced Dr. Joseph Mlynarski, senior surgeon at the New Britain General Hospital, who testified, in substance, as follows: He saw the plaintiff in the hospital on the day the latter was injured. He found that the plaintiff had suffered a comminuted fracture of the tibia, and a double fracture of the fibula, of his right leg. These fractures were reduced by open operation and necessitated a long period of hospitalization, the application of casts for eight months and the use of a leg brace thereafter for a year and a half. In the course of the treatment of the plaintiff's injuries, pulmonary emboli affected both sides of his chest. This condition resulted from the operation on his leg. It caused great pain and suffering and put his life in jeopardy. Following his return to work in the latter part of 1954, the plaintiff became very apprehensive and complained of pain and loss of

appetite. His weight dropped 100 pounds. Dr. Mlynarski saw him on numerous occasions, but his complaints continued, and the doctor, since he was a surgeon, sent the plaintiff to an internist and diagnostician, Dr. Raymond Wise, who also treated the plaintiff. He returned, however, to consult Dr. Mlynarski and told him that there was no doctor in the community who was helping him. Thereupon Dr. Mlynarski sent the plaintiff, at his request, to the Pratt Diagnostic Clinic in Boston, and he was placed in the New England Center Hospital for diagnostic purposes. Dr. Mlynarski received from that hospital a copy of the record of the plaintiff's case. He placed it in the file which he kept as a record in the regular course of his business. Rev. 1958, § 52-180.

Dr. Mlynarski, on the witness stand, then produced his entire file, and the plaintiff's counsel took from it the copy of the hospital record and offered it in evidence. The trial court admitted it. The defendants objected on the ground that it came into the doctor's hands from a third party, was not a record made by the doctor and was not properly identified. Rev. 1958, § 4-104. The record was hearsay evidence. The question is whether it was admissible under any exception to the hearsay rule. Section 52-180 makes admissible any writing or record made as a memorandum of any act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, including a profession, occupation or calling of any kind, and that it was the regular course of such business to make such writing at the time of the act, transaction, occurrence or event recorded or within a reasonable time thereafter. We have held that compliance with these qualifications is a prerequisite to admissibility. *Szela* v. *Johnson Motor Lines, Inc.*, 145

Conn. 714, 723, 146 A.2d 910; *State* v. *Ferraiuolo,* 145 Conn. 458, 464, 144 A.2d 41; *D'Amato* v. *Johnston,* 140 Conn. 54, 56, 97 A.2d 893; *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 99, 3 A.2d 224; *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 60, 192 A. 317.

The record in the instant case was not offered as a record of the New England Center Hospital. It was offered and admitted as a part of a file which Dr. Mlynarski kept as a record in the ordinary course of his practice. Section 52-180 provides for an exception to the hearsay rule to permit a record made in the regular course of business to be received in evidence without the necessity of calling as witnesses all the persons who had any part in making the record. *Borucki* v. *MacKenzie Bros. Co.,* supra, 100; *Johnson* v. *Lutz,* 253 N.Y. 124, 126, 170 N.E. 517; 5 Wigmore, Evidence (3d Ed.) §§ 1518, 1520, 1521. The record offered here was not made by the witness except in the sense that he incorporated it into his own files. There is nothing in the finding to show that the conditions prescribed by the statute, as they applied to this record, were met. *Weller* v. *Fish Transport Co.,* supra, 59; *Jordan* v. *Apter,* 93 Conn. 302, 306, 105 A. 620. The necessity of meeting them cannot be obviated by incorporating one record into another, claiming that both constitute a whole, and then withdrawing the one incorporated and offering it as a portion of the record thus compiled. *United Mine Workers* v. *Patton,* 211 F.2d 742, 750; *Masterson* v. *Pennsylvania R. Co.,* 182 F.2d 793, 796; *Gray* v. *St. Louis-S. F. Ry. Co.,* 363 Mo. 864, 869, 254 S.W.2d 577; *Fuller* v. *White,* 193 P.2d 100, 105 (Cal. App.), aff'd, 33 Cal. 2d 236, 242, 201 P.2d 16. The plaintiff relies upon *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912. That case can be

distinguished on its facts. A record of a patient cared for by a visiting nurse association was offered through a witness who was the custodian of such records. It contained a diagnosis by an attending physician which the nurse who had cared for the patient had entered upon a printed form provided for that purpose. There was testimony by the witness from which the court could find that the statutory conditions for admissibility of the record had been met. A-237 Rec. & Briefs 270 et seq. There was no such testimony in the case at bar. The error was material and harmful.

The denial of the motion to set aside the verdict as not supported by the evidence on the issue of liability requires no discussion. The evidence was in conflict, and the court properly refused to set the verdict aside on this ground.

There is error in part, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.