STATE OF CONNECTICUT *v.* KENNETH D. WINSLOW

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 16-4669

Argued April 1—decided September 4, 1963

*Joseph E. Fazzano,* of Hartford, for the appellant (defendant).

*Richard P. Heffernan,* prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of operating an overloaded commercial motor vehicle in violation of § 14-267 of the General Statutes and has appealed. He assigns error in the denial of requested changes in the finding and in the admission of certain evidence. He also assigns error in the court's ultimate conclusion that upon all the evidence he was guilty beyond a reasonable doubt. The defendant did not testify or offer any evidence in his own behalf.

The assignments of error relating to the finding are without merit and cannot be corrected in any of the particulars sought. The finding of the court may be stated in summary as follows: On August 17, 1962, the defendant was operating a truck carrying a large mound of blacktop cement on Fern Street in the town of West Hartford. This truck was registered with the state motor vehicle department for a gross weight of 32,000 pounds. The attention of Clifford Krum, a police officer, was

attracted to the truck by the size of the load and the depressed condition of the truck's rear springs. This officer had been a member of the West Hartford police department for eighteen years and had participated in over 100 arrests involving overweight commercial vehicles. In his opinion the truck appeared overloaded, and as a result he stopped the truck and asked the defendant if he could examine his loading slip. It is the custom in this business to weigh a truck after loading it and prepare a duplicate slip containing the weight of the truck, which weight includes the load. Such slips are signed by the operator and one is retained by him. The defendant voluntarily handed the officer a loading slip applicable to this truck. According to the slip, dated August 17, 1962, the combined weight of the truck and load was 37,500 pounds, which when correlated with the gross registered weight indicated an overweight of 5,500 pounds. The defendant was then arrested. Although the slip was signed "K. Winslow," there was no evidence that this was the defendant's signature. The truck was not weighed before or after the defendant's arrest. The defendant did not testify or offer any witnesses in his behalf. The only witness was a police officer of the West Hartford police department. The court concluded that a violation of the statute had been proven beyond a reasonable doubt.

The defendant's claims of error are all related to the loading slip, which was laid in evidence over his several objections, and he took exceptions. We first consider the defendant's claim that the slip was obtained by an illegal search and seizure in violation of the defendant's constitutional rights, both state and federal. The court ruled otherwise. The finding does not support the defendant's contention. There is no claim that there was an actual search of the person or of the truck. A seizure generally

contemplates a dispossession of the owner and not a voluntary surrender. 79 C.J.S., Searches and Seizures, § 1. Even though a search and seizure occurred it would not, unless it was unreasonable, be unlawful if it was conducted incidental to a lawful arrest. "An accused is lawfully 'taken or apprehended in the act' if the circumstances observed by the officer preceding the arrest, viewed in the light of common knowledge and his own training and experience, gave him probable cause to believe that a crime was being, or had just been, committed." *State* v. *DelVecchio*, 149 Conn. 567, 575. The trial court found that the officer's attention was attracted to the truck because he observed it was carrying a large mound of blacktop cement and its rear springs appeared depressed. Furthermore, he had had considerable experience with similar violations, all of which gave him ample justification for making the arrest. *Mapp* v. *Ohio*, 367 U.S. 643, is not applicable, as urged by the defendant, for in that case it was generally conceded that the search was unreasonable and made without authority, and the question there raised was whether such allegedly illegally seized evidence was constitutionally admissible in a state prosecution. The trial court's ruling was correct.

The defendant further claims that the contents of the slip were in the nature of a confession and inadmissible for the reason that no corroborative evidence had been offered. Since the contents of the slip admitted neither a crime nor participation in a crime, the slip could hardly be said to be a confession. 2 Wharton, Criminal Evidence (12th Ed.) §§ 336, 337; see 20 Am. Jur. 417, Evidence, § 478. Furthermore, there was no evidence that the record written on the slip was that of the defendant, nor was the signature proven to be that of the defendant. The court was correct in holding that the slip

was not a confession. There was, however, sufficient corroborative evidence, previously considered, to render a confession admissible, had there been one, in fact, offered.

The defendant further contends that the record contained in the slip was hearsay evidence. After evidence had been received that it was the custom in that type of business to prepare such a slip, it was admitted over the defendant's objection. The record was hearsay evidence. The question is whether it was admissible under any exception to the hearsay rule. Section 52-180 makes admissible any writing or record made as a memorandum or record of any act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business and that it was the regular course of such business to make such a writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. It has been held that compliance with these qualifications is a prerequisite to admissibility. *Orzechowski* v. *Higgins,* 146 Conn. 463, 465. Furthermore, to be admissible the entry must be one based on the entrant's own observation or upon information of others whose duty it is to transmit it to him, and those others must be members of the organization whose record it is. *D'Amato* v. *Johnston,* 140 Conn. 54, 59; *State* v. *Masse,* 24 Conn. Sup. 45, 54. There is nothing in the finding which indicates that the conditions prescribed by the statute, as they applied to the record contained in the weight slip, were met. We conclude that error was committed in the admission of the slip and that the error was material and harmful.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and LEVINE, Js., concurred.