STATE OF CONNECTICUT *v.* ANONYMOUS (1976–13)*

APPELLATE SESSION OF THE SUPERIOR COURT

SPEZIALE, J.  Following a trial to the court, the defendant was adjudged guilty of the crime of larceny in the third degree.  Appealing from that judgment, he has assigned as error the court's rulings on evidence and its conclusion that he was guilty of the crime charged beyond a reasonable doubt.

On June 10, an employee reported to her immediate supervisor that an adding machine assigned to her was missing.  In the middle of June, the defendant's wife received the same adding machine as a gift from the defendant.  The defendant was charged with larceny of this adding machine.  He

---

* Thus entitled, in view of General Statutes § 54-90.

was tried to the court and found guilty of larceny[1] in the third degree in violation of § 53a-124 of the General Statutes.[2] At the trial certain records of the employer were admitted into evidence. The records indicated that the defendant was employed by the employer during the week ending June 9, and that the employer owned the adding machine, which had a value over $50 but less than $500.

The defendant assigns as error the trial court's admission of the records of the employer into evidence. A time card, an asset record, and a daily attendance record of the employer were offered as exhibits by the state and were admitted into evidence over the defendant's objection that those items were hearsay. The defendant duly excepted to the court's rulings, claiming that the state failed to lay the proper foundation for the introduction of those records as required by the business entry exception to the hearsay rule, § 52-180 of the General Statutes,[3] and, therefore, that the court erred in admitting the records.

Section 52-180 "lays down three distinct qualifications, all of which must be met: (1) The memorandum must be made in the regular course of

[1] "[General Statutes] Sec. 53a-119. LARCENY DEFINED. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[2] "[General Statutes] Sec. 53a-124. LARCENY IN THE THIRD DEGREE: CLASS B MISDEMEANOR. (a) A person is guilty of larceny in the third degree when: (1) The value of the property or service exceeds fifty dollars . . . ."

[3] General Statutes § 52-180 provides, in relevant part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter."

business. (2) It must be the regular course of business to make the memorandum. (3) The memorandum must be made at the time when the act, transaction or event occurred or within a reasonable time thereafter." *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 723. Although the persons who made the records do not have to be produced as witnesses in order to lay the proper foundation for the admission of the records into evidence, there must be some testimony which would warrant a finding that the documents are qualified as business records. *State* v. *Paulette,* 158 Conn. 22, 25; *State* v. *Ferraiuolo,* 145 Conn. 458, 464. It is the trial judge's duty to find that these qualifications have been met, and it has been held that compliance with the statute is a prerequisite to admissibility. *Orzechowski* v. *Higgins,* 146 Conn. 463, 465; *State* v. *Winslow,* 2 Conn. Cir. Ct. 264, 268.

Although the state did not invoke step by step the required procedure to lay the foundation for the admission of the time card, a review of the transcript reveals that the statutory prerequisites to admissibility were, in fact, satisfied by the testimony of another employee. The state failed, however, to meet the criteria of § 52-180 to establish a foundation for the admission of the daily attendance record and the asset record. This was error, and our ruling thereon is dispositive of this appeal.[4]

The record discloses that in laying a foundation for the admission of the daily attendance record and the asset record the state failed to elicit testimony to establish that the entries were made "when the act, transaction or event occurred or within a reasonable time thereafter." *Szela* v. *Johnson*

[4] It does not appear that the state satisfied the second qualification of § 52-180 with regard to the asset record, i.e., that it was the regular course of business to make the memorandum; it is, however, not necessary for us to decide that point.

*Motor Lines, Inc.,* supra. The state failed to meet its burden of proving the third qualification for admission of those records. "This element or requirement as to time was one link in the chain of circumstances which the state had the burden of proving but did not." *State* v. *Paulette,* 158 Conn. 22, 26 (opinion of *Cotter, J.,* dissenting).

Although certain dates appear on the records themselves, as the dissent herein notes, those dates were not before the trial court until after the documents were admitted into evidence. Section 52-180, however, clearly requires that all three qualifications for admission be satisfied by appropriate foundation testimony *before* the record can be admitted into evidence. The trial court's error in admitting those records in the absence of a proper foundation cannot be overlooked on this appeal merely because, as the dissent herein asserts, the time requirement is satisfied by the dates appearing on the documents themselves. Those dates were not before the trial court when it ruled on the admissibility of the records.

Our position is not "wholly novel," as the dissent herein claims it to be, but is consistent with the cases relied on by the dissent itself, *State* v. *Paulette,* supra, and *State* v. *Ferraiuolo,* 145 Conn. 458. In *State* v. *Paulette,* supra, 24-25, a foundation for the admission of the hospital record was provided by the testimony of the technical director of the hospital's laboratory. After he testified regarding the person who made the report, he further testified that the report was kept in the regular course of hospital business, that it was kept in the same manner as other records of the same type, and that the report concerned an examination performed and laboratory work done at the hospital by a certain person on a specific date. After that testimony was received, the record was admitted and on one side it

bore the same date as the one testified to by the laboratory director. The *Paulette* dissent, from which we have quoted, merely held that this foundation was insufficient to support the admission of entries on the reverse side of the document because, in the opinion of the dissenting justice, the testimony of the laboratory director did not establish "the relevant and material steps taken in the laboratory which [led] in proper sequence to the ultimate expression of opinion found in the report and sought to be admitted as part of that report." Id., 27.

The dissent herein further claims that we should not consider the issue of whether the state satisfied the requirements of § 52-180 because the ground of the defendant's objection to each record's admission was that it was hearsay. We agree with the dissent that a general hearsay objection has not previously been regarded as raising the claim that the proper statutory foundation for admissibility was lacking. *State* v. *Paulette*, supra, 25; *State* v. *Ferraiuolo*, supra, 464. In both *Paulette* and *Ferraiuolo*, however, there was some testimony which satisfied each requirement set out in § 52-180 for admission of business records. In the case before this court, the record clearly indicates that the final statutory qualification for admission of those documents was not satisfied by any testimony. Since an objection was made and an exception to the trial court's ruling was taken, we should not exalt form over substance where an error is so clearly apparent on the face of the record.

The admission of the daily attendance record and, particularly, the asset record, when the proper foundation was not laid, was harmful to the defendant. "To support a conviction for larceny, the evidence must be sufficient to establish the essential elements of the crime charged." *State* v. *Banet*,

140 Conn. 118, 122; see also *State* v. *Vars*, 154 Conn. 255, 259. Among the essential elements of larceny in the third degree are proof of the wrongful taking of the property of another and proof of property value in excess of $50. Since the asset record was crucial to the state's proof of ownership and value, and since the information contained in the record could have been decisive on those elements, it cannot be said that the failure of the court to sustain the defendant's objections to the admission of the asset record was harmless error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion SPONZO, J., concurred.

DAVID M. SHEA, J. (dissenting). I dissent. The time card, the daily attendance record, and the asset card all bear dates indicating when the entries thereon were made. The date "June 9" is stamped on the time card, which also contains the name of the defendant and some time stampings, presumably made by a time clock. The daily attendance record contains the name of the defendant, the date when he was hired, and, in calendar form for each day of the year, penciled notations to signify each day of absence for sickness or other reason. There is no calendar entry for June 9, a circumstance indicating that the defendant worked on that date. There is a symbol meaning "vacation" for the period from June 10 to June 13. The asset record also contains dates corresponding to each entry thereon. It identifies the adding machine in question, states its original cost, and states its net value after deducting the depreciation charge for each accounting period.

If the entries were made at the time indicated by the documents themselves, then there is no question but that the requirement that the entries be made

within a reasonable time after the transaction had been met in respect to each of those exhibits. Apparently the majority herein has concluded that some additional evidence, apart from that shown on the record itself, is needed to verify the dates of the entries. Why the time card has been treated differently in this respect, when the foundation for its admissibility suffers from the same infirmity, is not clear. The fact that the time card has been held to have been properly admitted would render the admission of the daily attendance record harmless, since they both tend to prove that the defendant was at work on June 9, the day before the adding machine was discovered to be missing.

In any event, the position of the majority that independent evidence, apart from that supplied by the business record itself, is necessary to prove the dates of the entries is wholly novel. In a case cited by the majority, *State* v. *Paulette,* 158 Conn. 22, such a claim was rejected. There, as against the claim that the requirement of the statute for prompt recording of the entry had not been met, a hospital record having a date on one side, above the notation that a specimen had been taken, was held to have been properly admitted under the business entry statute, simply upon the basis of the juxtaposition of the date and the notation as shown on the record itself. The *Paulette* dissenting opinion, relied on by the majority herein, took no issue with that conclusion, but did dispute the propriety of admitting the reverse side of the record which bore, in a different handwriting and signed by a different doctor, an undated report of the results of the examination of the specimen. "The report did not meet the admissibility requirements of the statute in at least one respect since the time when the examination of the stain for sperm was made was not indicated on the record,

nor was the omission corrected at the trial through testimony or other evidence." Id., p. 28. The *Paulette* majority had refused to consider that aspect of the ruling because it had not been raised at trial. Id., p. 25. So far as appears, the view that the dates contained on a business record cannot be relied on to establish the time of the making of the entries upon it has not heretofore received any judicial sanction.

In neither the objection nor the exception did defense counsel herein raise the issue of whether the entries on the records involved had been made within a reasonable time after the event. The ground of objection stated with respect to both the daily attendance record and the asset card was simply that they were hearsay. In *State* v. *Paulette,* supra, where the objection "that it is not a proper business entry" and "that it is hearsay" was slightly more explicit than the objection raised in the present case, the majority did not consider the claim that the evidence did not establish the time of the entry of the results of the examination because such a general objection was insufficient. Id., p. 25. As an intermediate appellate court, we are bound by that conclusion and cannot rely upon the dissenting opinion which took a contrary view in that case. "This court shall not be bound to consider any errors on an appeal . . . unless it appears on the record that the question was distinctly raised at the trial . . . ." Practice Book § 652; see Practice Book § 587. A general hearsay objection has not previously been regarded as raising a claim that business entries have not been made as prescribed by statute. *State* v. *Ferraiuolo,* 145 Conn. 458, 464. "Unless the context of an objection or a claim is unusually clear, the mere words 'irrelevant' or 'it's for credibility' will not sufficiently define an issue for the purposes of appeal." *State* v. *Ferraro,*

164 Conn. 103, 107. The same principle should apply to "it's hearsay" where there has been at least some attempt to establish a foundation for admission of a business entry under the statute. Gamesmanship and trial by ambush have no place under modern concepts of judicial procedure and we should not be providing further ammunition to their practitioners.