[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Waterview Resolution Corporation instituted this proceeding against LF Credit Corporation, claiming breach of an agreement arising out of an assignment. The defendant was a broker in this business relationship between the parties concerning certain equipment leases, which leases were funded by the plaintiff. On January 13, 1998, the plaintiff accepted an opportunity through the defendant to finance an equipment lease for a color copier to Kenneth Berger, in his capacity as senior vice president of Judah Design Company (Judah). The defendant executed that lease with Judah, the copier was delivered to the company, and the defendant then assigned the lease to the plaintiff. Judah subsequently defaulted on the lease payments. The plaintiff now alleges that the assignment of the lease is not valid because Berger's signature on the original lease was forged.
The case was assigned for trial on March 20, 2002. On that date, the parties appeared and entered into a stipulation of facts on which the court was to decide the case. While the parties were preparing that stipulation, a disagreement arose between them as to certain evidence that the plaintiff sought to introduce regarding the forgery. On April 9, 2002, the parties filed a comprehensive stipulation of facts, without stipulating to the forgery. On April 10, 2002, the plaintiff filed a motion for order requesting a hearing to present the disputed evidence to the court; and on May 24, 2002, the court denied the motion. The defendant has filed counterclaims and offsets against the plaintiff, seeking attorney's fees and expenses in the amount of twenty-five thousand three hundred thirty-one dollars and eighty-four cents ($25,331.84).
It is horn-book law that the party bringing the action has the burden of proof by a preponderance of the evidence, that is, the burden of inducing in the mind of the trier a reasonable belief that it is more CT Page 11865 probable than otherwise that the fact or issue in dispute is true. Cruzv. Drezek, 175 Conn. 230, 235-36 (1978). The court has reviewed the pleadings, the stipulated facts and exhibits, and finds that the plaintiff has not met its burden.
The plaintiff argues that the defendant breached paragraph 2(a) and (b) of the assignment, which provides that "[a]s of the date of this Assignment, said Lease is genuine and enforceable and is the only lease executed with respect to the Equipment. . . . [And] [t]he Lease has been properly executed by authorized representatives of all parties thereto." The plaintiff alleges that the original lease is not genuine and enforceable because Kenneth Berger's signature was forged.
"There may be a presumption that a written signature on an instrument was written by the purported signer and where there is a presumption that an instrument was duly signed, one who alleges want of due signature has the burden of proving his claim." Kitts Lane Associates v. Lewandowski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545628 (April 15, 1996, Wagner, J.). The plaintiff did not successfully offer evidence to demonstrate that the signature is not authentic and has failed to sustain its burden of proving the allegations contained in the complaint. Judgment may therefore enter for the defendant.
At the time of the agreement to submit the stipulation and recognizing the problem, plaintiff's counsel attempted to offer evidence of forgery under the business entry rule. See Sec. 52-180 of the General Statutes. The attempt resulted in failure. See Crest Plumbing Heating Co. v.DiLoreto, 12 Conn. App. 468, 475 (1987); Orzechowski v. Higgins,146 Conn. 463, 466 (1959). Despite this occurrence, no relief from the stipulation was ever sought. Counsel did, however, as noted, move to offer testimony which was denied as the agreement between the parties offered no suggestion that the decision to file a stipulation made provision for such an offer of evidence beyond the stipulation itself. The plaintiffs motion, therefore, constitutes an attempt at a second "bite at the apple."
The defendant filed counterclaims sounding in breach of contract, negligence, misrepresentation, breach of fiduciary duty, and attorney's fees. It, however, admits that it has not sustained any damages with the exception of attorney's fees. "[A] specific contractual term may provide for the recovery of attorney's fees and costs. . . ." Rizzo Pool Co. v.Del Grosso, 240 Conn. 58, 73 (1997). Paragraph 8 of the assignment provides that "[i]n the event of litigation involving this Assignment, the prevailing party in any such action shall be entitled to be awarded a CT Page 11866 reasonable attorney fee, at trial, on appeal and review."
Counsel is quick to inform the court that a determination of fair and reasonable counsel fees should take into account the services rendered and their nature, the difficulty of the work, the regular hourly charges and the result achieved for the client. While there can be little quarrel with that proposition, as far as it goes, this court and indeed any court must consider this question in accordance with Rule 1.5 of the Rules of Professional Conduct and all of the applicable indicia set forth therein.
The affidavit offered in support of the claim for attorney's fees does suggest some entries which hint, to say the least, that there may well be some excess. That is particularly noted in the charges with respect to work on a brief on December 11, 12, 13, 14 and 15 of 2000, and services rendered for trial preparation on March 11, 12, 14 and 19 of 2002. The total hours claimed for those services are nineteen (19) and twelve (12) hours, respectively.
Considering the aforesaid indicia, the court chooses to avoid slashing those two charges in favor of a reduction in the hourly rate asserted. That being the case, said rate is reduced to two hundred ($200) dollars for both of the attorneys, producing a fee for legal services rendered in the amount of twenty thousand eight hundred thirty ($20,830) dollars, which is found to be fair and reasonable. To this amount may be added the sum of nine hundred nineteen dollars and thirty-five cents ($919.35) representing costs and expenses, for a total amount of twenty-one thousand seven hundred forty-nine dollars and thirty-five cents ($21,749.35).
Judgment may enter in accordance with the foregoing, together with costs of suit.
 ___________________ Moraghan, J.T.R.
CT Page 11867