## JOHN E. LEWIS *vs.* BRIDGET L. HAVENS.

Upon a question whether the defendant had taken possession of certain rooms claimed by the plaintiff to have been leased to her, the plaintiff offered evidence that a woman who had been employed to clean the rooms at the time had been so employed by the defendant. The defendant claimed that another person had employed her. Held that the defendant might prove a conversation between such other person, the woman in question, and herself, resulting in such employment by such other person, and that it was of no importance that the conversation took place in the absence of the plaintiff.

The court instructed the jury that, if the woman who cleaned the rooms was acting as the agent of the defendant and was as such agent cleaning the rooms as an act of possession, it was a sufficient occupation to make the defendant liable; but that even if she was cleaning the rooms for the defendant, yet if it was done only as a preparation for further investigation before deciding to take the rooms, the cleaning was a matter of no consequence. Held to be correct.

The defendant claimed that she merely had the refusal of the rooms, and in her testimony stated that she sent a telegraphic despatch to one *H* at Hartford, that if she could find rooms in *B* she should stay there, that this telegram was written in ink, and that it was the only one sent by her that day. The plaintiff afterwards offered in evidence a paper taken from the files of the telegraph company, dated the day in question, purporting to be an original message from the defendant to *H* at Hartford, written in pencil, informing him that she had hired rooms in *B*, and called the defendant as a witness to show that the handwriting was hers. The defendant testified that the handwriting was not hers, and that the message sent by her to the telegraph office was written by herself. Held that the court committed no error in ruling that the paper, without other evidence to show that it was written or sent by the defendant, was inadmissible.

The refusal of the court to adjourn for the purpose of giving a party time to procure evidence, is an exercise of discretion that cannot be reviewed upon error.

An objection taken to the whole of certain testimony of which a part is admissible, and not specifically to the part that is inadmissible, is not well taken.

GENERAL ASSUMPSIT for use and occupation of leased premises; brought to the Court of Common Pleas of Fairfield County, by appeal from a justice of the peace, and tried to the jury, on the general issue, before *Brewster, J.*

Upon the trial the plaintiff offered evidence to prove, and claimed to have proved, that on October 2d, 1871, at 11 o'clock in the forenoon, the defendant made a parol contract with

him to hire three rooms, belonging to him on Main street, in Bridgeport, at $25 per month; that she then stated to him that she would send a woman there at once to clean the rooms; that soon after she left, a woman named Catherine Husted came to the plaintiff's store, and said to him that she was sent to clean the rooms, and he asked if it was for Mrs. Havens, and the woman answered "Yes;" that he gave the woman the keys, and she went and cleaned the rooms, and that afterwards she took the keys to the defendant, who kept them until 8 o'clock in the evening of the same day, when she brought them to the plaintiff's store, and told his clerk that she had concluded not to keep the rooms, and that she had suffered as much damage as the plaintiff, because she had sent a woman to clean the rooms, and had paid her for it; that the plaintiff did not accept the keys, and that the rooms remained locked until the following May; and that during that time the plaintiff had an application to rent the rooms and refused, because they were rented to the defendant.

The defendant claimed to have proved by her own testimony, and by the testimony of one Mary A. Light, that she did not hire the rooms, but that the plaintiff gave her the refusal of them till night, and that she did not then agree to take them, and did not state that she would send a woman there to clean them.

For the purpose of proving that Mrs. Husted, in cleaning the rooms, was not her agent and was not acting by her authority, the defendant offered to prove that after she and Mrs. Light had returned from the store of the plaintiff to the residence of Mrs. Light, and had there met Mrs. Husted, who was in search of employment, Mrs. Light asked Mrs. Husted if she could clean certain rooms for the defendant the latter part of the week; that Mrs. Husted replied that she was engaged all the latter part of the week, but could do the work that afternoon; that Mrs. Light directed her to go that afternoon and clean the rooms; that the defendant said there was no use in cleaning them that afternoon, as she had not yet decided to take them; that Mrs. Light replied that it would make no difference to her, as it should cost her nothing;

and that thereupon Mrs. Light, without the authority of the defendant, ordered Mrs. Husted to go and clean the rooms.

To prove these facts, the defendant offered her own testimony, together with the testimony of Mrs. Light and Mrs. Husted. To this evidence the plaintiff objected, on the ground that the statements were made in his absence, and consisted of declarations in the defendant's interest; but the court overruled the objection and admitted the evidence as a part of the *res gestæ*, for the purpose of proving that Mrs. Husted was not acting as the agent of the defendant in the cleaning of the rooms.

The defendant also offered Mrs. Light to testify in reference to the same conversation, in which, among other things, she said, " As the defendant had not decided to take the rooms, I finally came to the conclusion to send the woman to clean the rooms, and do the defendant a favor, and so get her to take them ; and I paid her $1 for it, and made the defendant a present of it." To this evidence the plaintiff likewise objected, but the court overruled the objection and admitted the evidence as a part of the *res gestæ*, for the purpose of proving that Mrs. Husted was not acting as the agent of the defendant.

The defendant also enquired of Mrs. Husted with regard to the same conversation, and she testified, "I was at Mrs. Light's, and the rooms were not altogether taken. I went and cleaned the rooms, and cannot say whether I told the plaintiff for whom I cleaned the rooms." To this evidence the plaintiff objected, but the court overruled the objection, and admitted the evidence as a part of the *res gestæ* for the same purpose.

The defendant testified that, after having obtained the refusal of the rooms, she telegraphed, about 2 o'clock P. M., on the same day, to Hartford, to her brother James Horan, that if she could find rooms in Bridgeport she should stay there, and sent a telegram written in ink to the telegraph office, and that that was the only telegram she sent that day. In rebuttal the plaintiff offered one Cole, an operator of the Franklin Telegraph Company in Bridgeport, and by him

offered to prove that a certain paper in the hands of the witness, written in pencil, was the original of a message left at the office of the company to be dispatched on the 2d day of October, 1871. To this evidence the defendant objected, unless the facts were within the personal knowledge of the witness. The witness testified that he was not at the office nor in the employ of the company at that time, and that the facts were not within his personal knowledge. The court thereupon sustained the objection, and refused to admit the evidence.

The plaintiff then offered the testimony of the defendant to prove that the paper was in her handwriting, but she testified that the paper was not in her handwriting, and that the message she sent was written by herself.

The plaintiff in rebuttal offered to prove by the witness Cole, that the paper had been taken by him from the files of the telegraph company, where, in accordance with the rules of the company, the originals of the messages sent on the 2d day of October, 1871, should be found. To this evidence the defendant objected, on the ground that it did not appear that the paper had been so filed on that day, or that the same had been left at the office by the defendant, or that it was the original of the message sent by her. The court sustained the objection and excluded the evidence.

The plaintiff exhibited the paper to the court, and it was as follows :—" Mrs. Havens, Bridgeport, Oct. 2d, 1871 : I have rooms rented, Main street, to stay here. Answer. Mr. James Horan, No. 1 Music Hall, corner Main and Morgan sts., Hartford." And the plaintiff claimed that it was admissible, because it was shown to be in accordance with the rules of the company that it should be filed among the original telegrams of that day, and was therefore prima facie evidence of the same being the telegram of the defendant sent by her to Hartford on the day in question. The defendant objected, on the ground that it in no way appeared that the paper or message was ever written or sent by her or her agent. The court sustained the objection and excluded the evidence.

The plaintiff thereupon asked the court to adjourn the case

(it being 3 o'clock in the afternoon of Friday,) to the next Monday, to allow him to obtain the operator who was in charge of the office when the telegram was presented on the 2d day of October, 1871, and claimed, inasmuch as the telegram was unknown to him until it was produced in court, and as there were no means of ascertaining its contents until so produced, and as the objection to the same was a mere technical one, that it was the duty of the court, in the interest of justice, to adjourn the case, and give him an opportunity to produce the operator. The defendant objected to the adjournment, and the court refused to allow it, as it did not appear that any effort had been made by the plaintiff to produce the witness, or that it was in his power to obtain him by the following Monday, or that the witness was living, or that the testimony of the witness, if produced, would be material to the case.

The plaintiff asked the court to charge the jury that, under the statute, if they found there was an actual occupation by the defendant, or by Mrs. Husted, claiming under the defendant, they must find for the plaintiff. The court read to the jury the statute referred to and so charged, and added that if the jury found that Mrs. Husted was not the agent or servant of the defendant while cleaning the rooms, or if, being such agent or servant, that the cleaning was done only as a preparation for further investigation on the part of the defendant before deciding on the matter, then the fact of the cleaning was of no consequence.

The plaintiff further asked the court to charge the jury, that if there was a refusal of the rooms until night, still that would not justify entering in to the possession of the rooms and retaining them for the purpose of cleaning them, without an acceptance of the terms of the proposal and a determination of the refusal. The court did not so charge, but charged that if there was a refusal for the day, still an entry by the defendant or those under her for the purpose of occupation, and an actual occupation, might constitute a tenancy and end the refusal before its terms had expired.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial for error in the rulings and charge of the court.

*Thompson*, in support of the motion.

*Hall*, contra.

Park, J. It was a material question in this case whether the defendant took actual possession or not of the rooms which the plaintiff claimed to have leased to her. The plaintiff claimed, and offered evidence tending to prove, that she occupied the rooms through one Mrs. Husted, who cleaned them some time in the afternoon of the day they were claimed to be rented to the defendant. The defendant insisted that she made no arrangement with Mrs. Husted to clean the rooms, but that one Mrs. Light engaged her to do the work, and paid her for the same ; and offered herself and Mrs. Light as witnesses to prove these facts. The plaintiff objected to the testimony, on the ground that what transpired between the parties took place in his absence, and consisted of declarations made in the interest of the defendant.

Mrs. Husted cleaned the rooms. For whom did she clean them ? Who engaged her to do the work ? The answer to these questions must depend upon what transpired between her and her employer, and could be proved only by showing what was said between them, like the evidence of any other parol contract. What transpired did not concern the plaintiff. He had no interest in the matter. His presence or absence was of no importance. If he had been present he would have been an idle spectator, and the facts would have remained the same. Employment, and refusal to employ, are facts to be proved like any other facts. As well might the plaintiff claim that there should be no evidence that *A* committed an assault and battery on *B* at a certain time, unless he was present, if such fact was important in a case to which he was a party, as to claim that no evidence would be admissible that Mrs. Light made a contract with Mrs. Husted to clean the rooms in question when he was not

present at the making of the contract. We think the evidence was clearly admissible, not on the ground of *res gestœ*, but as evidence of what transpired, like the evidence of any important fact.

We think the testimony of Mrs. Husted in relation to the same transactions was admissible upon the same ground. She certainly could testify that she cleaned the rooms and who engaged her to do the work. There is one expression in her testimony that was improper to have been made, and if objection had been taken to it specifically it should have been ruled out; and that is, that "the rooms were not altogether taken." It is not pretended that she was present at the conversation between the plaintiff and defendant in relation to the renting of the rooms, and therefore she had no personal knowledge on the subject. But the objection was taken to the whole evidence, and was placed upon the same ground as that made to the evidence we have considered. Under such circumstances the court was not bound to discriminate. If any of her evidence was proper to be received no objection can now be made that some of it was improper.

The plaintiff offered in evidence what purported to be a telegram found in the office of the Franklin Telegraph Company of Bridgeport, among the files of the telegrams sent by the company on the 2d day of October, 1871, in which the defendant is said to have admitted that she had rented rooms on Main street in Bridgeport, and had determined to remain there. The paper was written in pencil, and was directed to the brother of the defendant at Hartford in this state, and was dated on the last mentioned day. The defendant admitted, (on inquiry being made of her by the plaintiff,) that on that day she sent a telegram to her brother at Hartford written in ink, stating that "if she could find rooms in Bridgeport she should remain there." She further stated, in answer to further inquiries by the plaintiff, that the telegram presented was not in her hand-writing; that she sent but one telegram that day, and that that one was written by herself. On these facts the plaintiff insisted that the telegram was admissible in evidence, but the court rejected it.

It will be perceived that all the evidence tending to connect the defendant with the telegram in question, arose from the facts that she sent through some office a telegram on that day, that she sent but one, and that one was found. If the evidence of the plaintiff had stopped here, perhaps it would have been sufficient to go to the jury for them to determine whether the telegram presented was the one sent by the defendant. But the plaintiff himself proved, in addition thereto, that the material used in writing the telegram sent by the defendant, the language of the message, and the handwriting, were wholly different from those of the telegram presented. It is true that the evidence of these facts came from the defendant on inquiries put to her by the plaintiff. But the plaintiff made her his witness in relation to them, and they conclusively show, if true, that the telegram presented was not the one sent by the defendant. We think the court committed no error in rejecting the evidence.

The plaintiff further claims that the court erred in refusing to adjourn the cause to enable him to procure further evidence in relation to the telegram. But this complaint is based upon a matter of discretion, which is never the subject of review by this court.

Complaint is likewise made of the charge of the court to the jury; but it is unnecessary to notice the claims made upon this subject. We think it is clear that none of them are tenable.

A new trial is not advised.

In this opinion the other judges concurred.