STEFANIE MUCCI *v.* NICHOLAS LEMONTE

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 10—decided February 26, 1969

*John J. Mahon,* for the appellant (plaintiff).

*Wayne G. Tillinghast,* for the appellee (defendant).

THIM, J.  The plaintiff sought damages for personal injuries which resulted from a collision between an automobile owned by her and operated by her husband and an automobile owned and operated by the defendant.  The jury returned a verdict for the defendant on the complaint and found the issues

in favor of the defendant on his counterclaim for property damage. From the judgment thereon, the plaintiff has taken this appeal, claiming that the court committed error by admitting into evidence a police report concerning the collision.

During the trial, Daniel Driscoll, a police officer, testified that he and Daniel Murtha, another officer, arrived at the scene of the accident before the vehicles had been moved. Driscoll directed traffic while Murtha investigated the accident. Murtha made out and signed the police report of the accident; he was, however, unavailable to testify because he had died before the trial. Driscoll had the police report with him at the trial, and he stated that it was made in the regular course of police work and that it was in the ordinary course of police business to make such records. Thereupon, the defendant offered the report as a business entry of the Norwich police department pursuant to § 52-180 of the General Statutes.

Although she conceded that the report was a business entry, the plaintiff objected to its admission on the ground that the defendant did not show the source of Murtha's information which formed the basis for the report. The court overruled the plaintiff's objection and admitted the entire police report as a business record of the police department. Immediately thereafter, the plaintiff objected to a portion of the report, stating that it was her only objection and that she had no objection to the rest of the report. Thereupon, the court deleted the portion to which the plaintiff specifically objected.

The police report contained items which were based on Murtha's own personal observation, such as the condition of the weather and the road surface, the time of day and the location of the vehicles

when Murtha arrived at the scene. Moreover, Murtha concluded in the report that the driver of the vehicle in which the plaintiff was riding had failed to yield the right of way and that the defendant's vehicle had entered the intersection first. Murtha's opinions might have been based, at least in part, on information which Murtha had received from those who witnessed the accident because he was not present at the time of the collision.

The trial court did not commit error by overruling the plaintiff's objection and admitting the police report into evidence. A police report may be admitted as a business entry once the court finds that the requirements of General Statutes § 52-180 have been satisfied. *Szela* v. *Johnson Motor Lines, Inc.*, 145 Conn. 714, 723, 146 A.2d 910. The fact, however, that a report is generally admissible under § 52-180 does not require that everything contained in the report be admitted into evidence. *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.*, 154 Conn. 593, 597, 227 A.2d 548; *Maggi* v. *Mendillo*, 147 Conn. 663, 667, 165 A.2d 603. For an item contained in a report to be admissible, it must be based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant. *D'Amato* v. *Johnston*, 140 Conn. 54, 59, 97 A.2d 893. Moreover, a police officer's conclusion about the cause of or responsibility for an injury is merely an opinion which the officer would not be permitted to give if he was on the witness stand. *Giamattei* v. *DiCerbo*, 135 Conn. 159, 163, 62 A.2d 519. There is all the more reason for excluding such an opinion when the officer is not under oath and subject to cross-examination. Note, 69 A.L.R.2d 1148, 1152; 30 Am. Jur. 2d, Evidence, § 1002.

We shall not, however, order a new trial on the

basis of the plaintiff's claim that the court committed error by failing to exclude from the report the officer's conclusions concerning the cause of the accident because the plaintiff did not make this claim before the trial court. Practice Book § 652; *State* v. *Reid,* 146 Conn. 227, 232, 149 A.2d 698; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 294, 141 A.2d 634; *Salvatore* v. *Hayden,* 144 Conn. 437, 443, 133 A.2d 622; *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 681, 54 A.2d 270; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346. The trial court was not alerted to the claim which the plaintiff is now making to us. If the plaintiff had made, at the trial, the objection which she is now urging before us, the portion objected to should and probably would have been deleted or the jury charged concerning the matter. *Guarnaccia* v. *Wiecenski,* 130 Conn. 20, 25, 31 A.2d 464.

At the trial, the plaintiff's objection to the report was a general one, addressed to the report in its entirety. The purport of the objection was that the entire report could not be received into evidence until the defendant showed the source of Murtha's information for each of the items contained in the report. There is no merit to this claim.

The police report was generally admissible if it was made in the regular course of business, if it was the regular course of business to make such a record, and if the record was made when the act, transaction or event occurred or within a reasonable time thereafter. *Szela* v. *Johnson Motor Lines, Inc.,* supra. If any portions of the report were not admissible, it was incumbent upon the objecting party to point out the inadmissible parts with specificity and to give reasons why the specified parts were not admissible. *Lewis* v. *Havens,* 40 Conn. 363, 369; *Bissell* v.

*Beckwith,* 32 Conn. 509, 518; *State* v. *Alford,* 31 Conn. 40, 45; *Ashmead* v. *Colby,* 26 Conn. 287, 309. The finding does not disclose whether the trial court examined the report or whether the court was requested to do so before making its ruling. In any event, it was not the court's duty to separate the inadmissible parts of the report from the admissible parts. McCormick, Evidence § 52, pp. 119, 120.

In the instant case, the plaintiff made a general objection and failed to specify the inadmissible portions of the report. Under these circumstances, if any portion of the report is admissible, such a general objection is not well taken. *Bradbury* v. *Bardin,* 35 Conn. 577, 582; *Morehouse* v. *Northrop,* 33 Conn. 380, 387; *Fitch* v. *Woodruff & Beach Iron Works,* 29 Conn. 82, 91. The trial court was correct in overruling the plaintiff's general objection because many of the items contained in the report were clearly admissible.

Because of the view which we have taken in deciding this case, it is unnecessary to discuss the second claim pursued in the plaintiff's brief.

There is no error.

In this opinion KING, C. J., and HOUSE, J., concurred.

RYAN, J. (dissenting). I am unable to agree with the majority opinion that the plaintiff's objection to the admissibility of the police record was general and that the trial court was not sufficiently alerted to the claim which the plaintiff is now making to us. Police officers Murtha and Driscoll arrived at the scene of the accident after it occurred. Murtha, who investigated the accident and made out the police report, died before trial. Driscoll testified on direct examination by the defendant that he was with

Murtha in a police car when they went to the scene
of the accident. Driscoll did not participate in the
investigation but merely directed traffic. When the
police record was offered by the defendant as a
business entry the following occurred: "Mr. Mahon:
Your Honor please, I object, on the following
grounds: To be admissible, the business record
must be one based upon the entrant's own observa-
tion or upon the information transmitted to him by
an observer whose business duty it was to transmit
it to him. The observation of a mere volunteer is
insufficient. I will continue. Officer Driscoll indi-
cated he did not investigate this accident. He was
just an onlooker. Officer Murtha made out the record,
for whatever information is contained in there on the
record. Obviously this officer doesn't know what
source—at least, there is no testimony so far what
source of information Officer Murtha used that is
contained in the record. Until such time it is shown
as to what information was used to obtain the in-
formation in the record, I would object on that
basis."

The court did not rule on the objection at this time
because the defendant asked permission to interro-
gate further. After a few more questions and
answers, none of which met the objection made by
the plaintiff, the defendant again claimed that the
police record was admissible as one kept in the
regular course of business and addressed the court
as follows: "And, I think, the reference Mr. Mahon
made, reference to that portion of the report wherein
the police officer taking the report takes statements
that are hearsay statements from other persons,
things of which the investigating officer has no per-
sonal knowledge, in this case Mr. Driscoll has tes-
tified that Officer Murtha was there. What he put

in his record is what he himself observed, and I claim it on that basis."

The plaintiff conceded that the police record was a business entry but opposed its admission as follows: "My objection to it is what is contained in it. My basis for my objection is, as I stated before, we don't know on what basis Officer Murtha arrived at as to whatever is contained in the record. Obviously Officer Driscoll doesn't know. I quote from Connecticut Evidence, page 375, Section 89-9. To continue, as I said before, if, for example, the record involved be a police report, and The Court finds that the officer who prepared it has made his memorandum partly from hearsay statements of third persons who were at the scene when he arrived, the report would not be admissible in its entirety. Quoting cases, *Sheary* vs. *Hallock's of Middletown,* 149 . . . [Conn.] 188, 195 [177 A.2d 680]. My objection is this, Your Honor: There is no indication as yet what basis Officer Murtha used to indicate what was in the report. That's all my objection is." The court overruled the objection, and exception was duly noted. There is no indication in the record as to whether the court examined the proffered exhibit before ruling.

The plaintiff's objection was predicated on the failure of the defendant to lay a proper foundation for the admission of the report. Her objection was addressed, not to the entire report, but only to such portion of it as was based on statements of bystanders at the scene of the accident and not on the officer's own observation. Immediately after the court's ruling, the plaintiff interposed "another objection" addressed to a portion of the report which indicated police activity. The defendant stated that he had no objection to a deletion of this portion of

the report. The plaintiff then stated: "That's my only objection. The rest of it, I have no objection to." Whereupon the court ordered that part of the report deleted before its submission to the jury. The plaintiff's statement obviously referred to the additional objection only, which was very limited in its scope and was made after the court had overruled the plaintiff's prior objections and exception had been duly noted. There was no withdrawal by the plaintiff of the previous objections and exception. I am unable to agree with the apparent position of my colleagues that this statement of the plaintiff sanctified the previous action of the court in admitting the report as an exhibit.

In the police report which was admitted in evidence by the court, the plaintiff's car is described as "vehicle No. 2" and the defendant's car as "vehicle No. 1". Under "Contributing Circumstances" a box was checked on the form indicating that car 2 "[f]ailed to yield the right of way." Under "Describe What Happened" is the following: "Veh. # 1 entered Main St. from North Main as Veh. # 2 entered from the viaduct. Veh. # 1 evidently entered the intersection first as it was struck by Veh. # 2 in the center of the left side causing damage to both doors, center post and lower panel. Damage was extensive to Veh. # 1 but only minor to Veh. # 2. It being damaged in the right front fender. Both operators had a green traffic light when entering this intersection."

Since Officer Murtha arrived at the scene of the accident after it took place, the inference is inescapable that all of this information was not based on his own observation. There was no evidence offered by the defendant to establish that the information was transmitted to the officer by an observer whose

business duty it was to transmit it to him. Neither a bystander nor a party to the action is under a business duty to transmit such information to an officer. The defendant made the claim, without any support in the evidence, that what Officer Murtha put in the record the officer, himself, observed. The plaintiff's objection was very specific and challenged this unsupported claim. There was no burden on the plaintiff to establish the source of Murtha's information. This burden rested on the defendant, who offered the report in evidence. The plaintiff, in making her objection, cited the case of *Sheary* v. *Hallock's of Middletown, Inc.,* 149 Conn. 188, 195, 177 A.2d 680, which is directly in point, and the plaintiff quoted the exact language of this court. At this time it became the duty of the trial court to examine the report and make a determination of the respective claims of the parties before ruling on the admissibility of the report. Mere proof of the statutory prerequisites to the admissibility of the record, as pointed out in *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 60, 192 A. 317, is not sufficient. "We have consistently . . . made clear that while the statute should be liberally construed, the mere fact that a record is generally admissible under it does not mean that anything and everything contained in the record is necessarily admissible in any given case." *Maggi* v. *Mendillo,* 147 Conn. 663, 667, 165 A.2d 603. To be admissible, the business record must be based on the entrant's own observation or on information transmitted to the entrant by an observer whose business duty it was to transmit it to him. *Sheary* v. *Hallock's of Middletown, Inc.,* supra, 195; *D'Amato* v. *Johnston,* 140 Conn. 54, 59, 97 A.2d 893. Although portions of the police report in the instant case were admissible, it was error for the trial court

to admit the entire report. Its admission was highly prejudicial to the plaintiff, and a new trial should be ordered.

In this opinion ALCORN, J., concurred.