## ROBERT C. WELLER v. LYNN MENSINGER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 921

Argued September 9—decided November 7, 1980

*Michael E. Driscoll,* with whom, on the brief, was *David S. Williams,* for the plaintiff (appellant).

*Sidney Axelrod,* for the defendant (appellee).

SHEA, J.  In this negligence action the plaintiff landlord sought damages from the defendant tenant for a fire which occurred in the kitchen of the leased premises.  The trial judge found the issues for the defendant.  The plaintiff has appealed claiming error in the finding of the court, as stated in the memorandum of decision, that he had not sustained his burden of proving that the fire was caused by the defendant's permitting the oil in a pan on the stove to overheat.  He also claims error in a ruling concerning the admissibility of a report made by the deputy chief of the New London fire department who had investigated the fire.

The complaint alleged that the defendant, who occupied the leased pemises, had "permitted cooking oil on his stove to overheat, catch fire, and spread to the walls and cabinet area of the kitchen."  It was further alleged that as a result of the "foregoing negligence and carelessness of the defendant," the premises were greatly damaged.  The only conclusion of the trial court, as stated in the memorandum of decision, was that the plaintiff had not sustained his burden of proving "that the fire was caused by the defendant permitting the oil on his stove to overheat."

The facts set forth in the memorandum of decision are improperly stated in the form of recitals

of testimony rather than as findings of facts. *Carpenter Co.* v. *Richardson,* 118 Conn. 322, 324, 172 A. 226 (1934); *Kane* v. *Kane,* 107 Conn. 716, 721, 142 A. 466 (1928). It is undisputed, however, that the defendant was cooking french fries in a frying pan containing cooking oil on a surface unit of the electric stove in his apartment. After turning on the unit, he left the kitchen with no other person in attendance. By the time he returned to the kitchen, the fire had started in the pan. He attempted to extinguish the fire by placing wet towels over the pan and turning off the heating unit, but his efforts were not successful and the fire spread.

The defendant does not contend that the conclusion of the court that the plaintiff failed to sustain his burden of proof concerning the cause of the fire means that there was some question whether the cause of the fire was the excessive heating of the oil in the pan on the stove. He claims that the allegation of the complaint that the defendant had "permitted" the oil to overheat required the plaintiff to prove that the defendant knowingly consented to or tolerated the overheating of the oil.

The primary meaning of the word "permit" does convey the idea of affirmative consent, "necessarily involving knowledge." *Guastamachio* v. *Brennan,* 128 Conn. 356, 358, 23 A.2d 140 (1941); Webster, Third New International Dictionary. Other definitions are to make possible or to give an opportunity. Webster, op. cit. supra. The word has also been construed to mean a "negligent failure" to prevent an occurrence. *State* v. *Poplowski,* 104 Conn. 493, 499, 133 A. 671 (1926). One of its synonyms, "let," is often used to mean giving an opportunity to or failing to prevent. Webster, Third New International Dictionary. The reference in the very next paragraph of the complaint to the "foregoing neg-

ligence and carelessness of the defendant" as the cause of the plaintiff's loss clarifies any possible ambiguity which may inhere in the use of the word "permit." Since the question is one of variance between pleadings and proof, the allegations must be construed in a manner most favorable to the pleader. *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 68–69, 381 A.2d 559 (1977). There is no reason to suppose that the defendant was misled by any ambiguity. If there were any doubt that a negligent rather than an intentional tort was being relied upon, a motion for a more specific statement would have been appropriate.

Since we cannot justify the narrow reading of the complaint urged by the defendant, we have examined the memorandum of decision to determine whether the essential issue raised, the negligence of the defendant under all the circumstances, has been resolved by any of the facts found. Overlooking the deficiency in stating the facts in the form of testimony, we conclude, nevertheless, that the memorandum does not indicate whether the court found the defendant negligent. The facts stated in the memorandum were all undisputed. The central issue of whether the defendant was negligent in leaving the stove unattended for a certain period of time or in attempting to extinguish the fire by using wet towels has not been adjudicated. Practice Book, 1978, § 3060B requires the court, either orally or in writing, to "state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." The memorandum of the trial court does not meet this requirement.

The plaintiff seeks to have us direct judgment in his favor rather than remand the case for a new trial. He relies upon cases which have applied the doctrine of res ipsa loquitur where fires have originated from sources exclusively within the con-

trol of a defendant. *Olswanger* v. *Funk,* 63 Tenn. App. 201, 204, 470 S.W.2d 13 (1970); see *Ruerat* v. *Stevens,* 113 Conn. 333, 337, 155 A. 219 (1931). Although the rule may be applicable here, its effect is simply to permit an inference of negligence where the necessary conditions are proved, not to require such an inference. *Hunt* v. *Central Vermont Ry. Co.,* 99 Conn. 657, 661, 122 A. 563 (1923). "The presence of the conditions necessary for the application of the doctrine does not shift the burden of proof to the defendant or even compel an inference of negligence." *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 A. 606 (1933).

We need discuss the ruling denying the admission into evidence of the report of the fire department officer who investigated the accident only to the extent that the problem may arise upon a retrial of the case. The plaintiff was not harmed by the exclusion of the report because the officer who made it was available and did testify as to its contents. Nevertheless, the report would also have been admissible as a business entry if the requirements of General Statutes § 52-180 had been met. *Mucci* v. *LeMonte,* 157 Conn. 566, 569, 254 A.2d 879 (1969). The foundation for admissibility was somewhat sketchily established, but the defendant did not pursue his objections, that the investigation of fires was not a function of the fire department, and that such reports were made only where the fire was of incendiary origin, by cross-examining on voir dire the testimony of the witness that it was the ordinary course of his business to file such reports with the department, and that he had filed this report upon his return from the fire.

The defendant indicated that he objected only to the portions of the report which contained the officer's conclusion as to the origin of the fire. The fact that a report may be generally admissible

under the statute does not mean that everything contained in it must be admitted into evidence. *Mucci* v. *LeMonte,* supra, 569. If the officer would not have been permitted to give his conclusion as to the cause of the fire from the witness stand, it could not have been admitted as part of his report. Ibid. Although the witness' experience and training as a fire fighter were established, there was no testimony concerning any special knowledge or training he may have had in determining the causes of fires.[2] After the exclusion of the report the witness was later permitted to give his opinion of the cause of the fire despite an objection that he lacked the necessary qualifications, a ruling which the defendant has not challenged in this appeal. The court, nevertheless, refused to admit the report when it was reoffered at the conclusion of the officer's testimony. The ruling was correct because of the absence of any evidence to indicate that the officer's training and experience as a fire fighter gave him any special knowledge concerning the origin of fires. Holden & Daly, Connecticut Evidence, § 118a, p. 549.

There is error, the judgment is set aside and the case is remanded to the trial court for a new trial.

DALY and BIELUCH, Js., concurred in this opinion.

---

[2] At the point when the report was first offered, it did not appear whether the officer's conclusion was partly based upon hearsay. Later he testified that he had spoken with the defendant who gave him some of the information relied upon in forming his opinion.