[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action based on negligence. The facts as alleged in the pleadings are as follows. In December of 1992 the plaintiffs, Bajram Bajrami and Bajram Bilalovski, were traveling on Meriden Road in Waterbury in an automobile driven by Bajrami when a collision occurred between their car and an automobile driven by the defendant David Baker. At the time of the collision Baker was operating a leased vehicle owned by the defendant U-Haul Company.
The plaintiffs filed suit against the defendants in a two-count revised complaint, (one brought by each plaintiff), filed January 6, 1994, claiming that defendant Baker was at fault in the accident in that he followed the plaintiffs' automobile too closely, that he failed to: 1) keep a proper lookout; 2) apply his brakes; 3) turn to avoid the accident; and 4) blow his horn as a warning to the plaintiffs as well as that he was traveling unreasonably fast. The plaintiffs claim that as a result of the collision they have suffered physical injuries.
On January 21, 1994 the defendants' filed an answer and asserted as a special defense to both counts that Bajrami was himself at fault due to his failure to use proper caution while operating his vehicle and by stopping quickly in front of Baker. The plaintiffs have moved for summary judgment as to liability only in accordance with Practice Book § 385. In support of their motion, the plaintiffs have submitted an affidavit by Bajrami stating the facts as just reviewed. In addition, the plaintiffs have submitted a police report regarding the incident which indicates that Baker was issued a citation for following too closely. Based on this documentation the plaintiffs assert CT Page 11621 that they are entitled to judgment as a matter of law.
The defendants have filed a memorandum of law in opposition to the summary judgment motion.[1]
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
"In the trial court, the movant bears the burden of demonstrating that there is no genuine issue of material fact."Batick v. Seymour, supra, 186 Conn. 647. "[T]he moving party for summary judgment is held to a strict standard . . . of demonstrating his entitlement to summary judgment." Kakadelisv. DeFabritis, 191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488,280 A.2d 359 (1971).
"In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof." Engman v. Laschever, 9 Conn. L. Rptr. 312
(June 28, 1993, Hennessey, J.). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984).
"Litigants have a constitutional right to have issues of fact decided by a jury. . . . Summary judgment procedure is especially ill-adapted to negligence actions, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact . . . ." (Citations omitted; internal quotation marks omitted.)Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,197-99, 319 A.2d 403 (1972). CT Page 11622
The only documentation filed by the plaintiffs in support of their motion in this matter, other than Bajrami's own affidavit which reiterates the facts as he interprets them to be, is the police report regarding the incident in question. The defendants claim that the officer's conclusion as to fault contained in the report is only an opinion and would be inadmissible as evidence at trial. The defendants are correct in this assertion.
 A police report may be admitted as a business entry . . . [though this] does not require that everything contained in the report be admitted into evidence. . . . For an item contained in a report to be admissible, it must be based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant. . . . Moreover, a police officer's conclusion about the cause of or responsibility for an injury is merely an opinion which the police officer would not be permitted to give if [the officer] was on the witness stand. . . . There is all the more reason for excluding such an opinion when the officer is not under oath and subject to cross-examination.
(Citations omitted.) Mucci v. LeMonte, 157 Conn. 566, 569,254 A.2d 879 (1969).
"[A] summary [judgment] . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Batick v.Seymour, supra, 186 Conn. 647. As it is possible for a jury to disbelieve the police officer's conclusion that the fault of the collision lies with Baker, there is not sufficient evidence to exclude the negligence issue in this case as a genuine issue of material fact. Therefore, the plaintiffs have not met their burden to prove that there is no genuine issue of fact as to who is negligent in order for the court to grant summary judgment and the motion is denied.
SYLVESTER, J.