[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO QUASH SUBPOENA OF SENIOR STATE'S ATTORNEY JOHN MASSAMENO[1]
The state moves this court to quash a subpoena recently served by the defendant, James Gordon "Bo" Gritz (Gritz) upon Senior Assistant State's Attorney John Massameno (Massameno). As is the subpoena at issue, the state's motion is limited to such testimony as Massameno may be able to provide, without specific reference to any documentation that may have been prepared by Massameno on prior occasion. The record reflects prior consideration, outside the presence of the jury, of a report which, ostensibly assembled by Massameno, constitutes a compilation of other reports and documents related to an investigation of Linda Wiegand's claims that Thomas Wilkinson had CT Page 2938-q sexually abused [two] children. The report, which remains a sealed court exhibit[2], appears to contain a distillation of Massameno's opinions, derived from depositions and documents obtained from numerous individuals over a period of time. There has been no demonstration, to date, that such depositions and/or documents are unavailable.
As noted by all parties, the Connecticut courts have adopted a "compelling need test" for the court to utilize when evaluating whether a prosecutor may be called to testify at trial. State v.Colton, 234 Conn. 683, 700-701, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S.Ct. 972, 133 L.Ed.2d 892 (1996);Ullmann v. State, 230 Conn. 698, 716-17, 647 A.2d 324 (1994). "Under this test, the party wishing to call a prosecutor to testify must show that the testimony of the prosecutor is necessary and not merely relevant, and that all other available sources of comparably probative evidence have been exhausted." (Citations omitted; internal quotation marks omitted.) State v.Colton, supra, 234 Conn. 701. In considering the application of this rule to the facts of a particular case, the court must consider all four prongs of the public policy basis which supports the "compelling need test." "The policy behind the compelling need test in the context of requiring a prosecutor to testify is four fold: First, there is the risk that the prosecutor may not be a fully objective witness. . . . Second, there exists the justifiable fear that, when a prosecutor takes the witness stand, the prestige or prominence of the prosecutor's office will artificially enhance his credibility as a witness. . . . Third, the jury may understandably be confused by the prosecutor's dual role. . . . Finally, a broader concern for public confidence in the administration of justice suggests the maxim that justice must satisfy the appearance of justice." (Citations omitted; internal quotation marks omitted.) State v.Colton, supra, 234 Conn. 701.
The defendant Gritz, joined by the defendant Sheldon Robinson,[3] argues that the "compelling need test" only applies in cases in which the prosecutor who is the subject of the subpoena also serves as the prosecuting authority in the CT Page 2938-r pending litigation. However, the court in Ullmann specifically noted that the compelling need test should be "applied when either side in a criminal case seeks to call a prosecutor or defense attorney, who is or has been professionally involved in the case, to testify." Ullmann v. State, supra, 230 Conn. 718. For the public policy reasons acknowledged above, this principle should be broadly construed when considering the applicability of the "compelling needs test" to the facts of this case. While Massameno does not appear as trial counsel on behalf of the state in the prosecution currently pending against the defendants Gritz and Robinson, the facts of the current matter establish that he was, indeed, professionally involved in this case: Massameno was involved in the investigation of allegations made by Linda Wiegand, who has been found to be a co-conspirator with regard to both defendants. Under these circumstances, the defendants have not fulfilled their obligation of overcoming the "professionally involved" standard established by State v. Ullman, supra. This reasoning fails, therefore, to serve as a lawful basis for denying the motion to quash the subpoena at issue.
Even if Massameno was not "professionally involved" in this case within the meaning of Ullmann v. State; supra,230 Conn. 718; the four policies stated by the Colton court still would apply in this instance. It is clearly conceivable that Massameno may not be a fully objective witness because of his contact with the state's attorney's office in general and with the elements of case this case which relate to the co-conspirator, Linda Wiegand and with the conspiracy, specifically. Testimony from Massameno would no doubt bring the prestige and/or prominence of the prosecutor's office to the witness stand, such that the jury would likely be confused by his role in the proceedings, notwithstanding any limiting instructions that could be proposed by counsel or promulgated by the court. Lastly, the defendants' arguments in support of allowing Massameno's testimony have not demonstrated a sufficient basis for overlooking the importance of maintaining public confidence in the administration of justice. If the subpoena is allowed to stand, the public's confidence in these proceedings may indeed be jeopardized, rather than ensuring that justice must satisfy the appearance of justice: Massameno's CT Page 2938-s testimony in this case, on the subject of his opinions, conclusions, and statements made to him by others or statements by others which were identified by him, could well mar the appearance of justice. State v. Colton, supra, 234 Conn. 701. The court therefore holds that under the circumstances of this case, the defense must show a compelling need for Massameno to testify before the subpoena can be honored.
The defense claims that there is a compelling need for Massameno's testimony because it is necessary to allow them to effectively cross-examine four of the state's prior witnesses, Thomas Wilkinson, Louis Kiefer, Judith Benedict, and Donna Dragan. Counsel for the defendant Gritz claims that he cannot now effectively cross-examine these witnesses because they have already testified in the state's case in chief, and because it would therefore be prejudicial to his client to call those witnesses back now for additional testimony or cross-examination. Counsel for the defendant Gritz vociferously argues that absent the presentation of testimony from Massameno himself, the jury would find fault with his personal skills as an advocate for his client, and that Gritz's interests would be significantly harmed thereby.
The court reminds counsel that the jury's role in this case will be to evaluate the evidence presented, and to find such facts as may be supported by that evidence, according to the standard set by law. Counsel's questions, or lack of questions, do not constitute evidence, as the jury was been instructed at the commencement of these trials, and as the jury will be instructed at the conclusion of the arguments. Furthermore, under the trial protocol established for this proceedings, the defense has been allowed to call any witnesses in its case, in any order they have chosen, without a claim that such prejudicial inference would need be drawn by the jury: no such prejudice, therefore, could reasonably attach to the defense should they choose to call Thomas Wilkinson, Louis Kiefer, Judith Benedict, or Donna Dragan.[4]
As to the witnesses Thomas Wilkinson, Louis Kiefer, Judith CT Page 2938-t Benedict, and Donna Dragan, who were the subject of the defendant's proposed cross-examination through the use of Massameno's testimony, the evidence thus far permits the court to conclude that each of these individuals is a Connecticut resident and/or that each individual works within this state. The defense has thus failed to affirmatively show that these witnesses are not available, so that, for instance, only Massameno's testimony could serve the needs of justice on such subjects as would otherwise be addressed through examination of Thomas Wilkinson, Louis Kiefer, Judith Benedict, and Donna Dragan. Accordingly, the court concludes that the defendants have failed to provide a sufficient basis for concluding that there exists, under these circumstances, a compelling need for Massameno's testimony for cross-examination purposes related to these witnesses.
The defense also claims that Massameno's testimony is necessary because he is the only person who can testify to the contents of his report, and further, that such testimony is needed to contradict and impeach Detective David Reese's testimony on the subject of the lack of probable cause to arrest Thomas Wilkinson for sexual assault of [two] children. In response, the state claims that Massameno's testimony is not necessary because Detective Sergeant Brian Cavanaugh (Cavanaugh) of the Simsbury Police Department can testify to the information in Massameno's report, as he also conducted the investigation of Thomas Wilkinson. Should such subject be determined to have relevance to the pending matters, Cavanaugh could certainly testify to the investigation he personally conducted. The court acknowledges that Massameno's report contains not only a purported factual account, compiled from depositions and other documents: the report also contains Massameno's opinions on certain subjects. There is no basis for concluding that, even if such opinions were relevant, Cavanaugh would be competent to testify to Massameno's opinions concerning any evidence of sexual abuse by Thomas Wilkinson. If the testimony is relevant and otherwise admissible, a decision the court does not make today given the defendants' failure to meet the compelling need test, Massameno would be the only person who could testify to his opinions as presented in the report. CT Page 2938-u
Even if it could be found that, as the defendants claim, Massameno would qualify as "expert witness" on certain subjects related to the possible sexual abuse of [two] children, even Massameno could not likely testify as to the specific contents of the report at issue. As noted, this document, on its face, represents a survey or analysis of hearsay materials, presenting through this meta-analysis the author's opinions as well as a compilation of his interpretations of various depositions of third parties, in addition to references to the data base upon which he relied in forming his opinions. The defendants' proffer of Massameno as an expert witness does not overcome the principles of common law codified in Conn. Code of Evidence § 7-2.[5] The defendants have not yet established a reasonable basis for concluding that Massameno should be permitted to testify as an expert in this particular case, as they have not yet demonstrated that his testimony is needed to assist the trier of fact in understanding specific evidence or in determining a fact in issue. "Crucial to this inquiry [as to whether expert testimony is required] is a determination that the scientific, technical or specialized knowledge upon which the expert's testimony is based goes beyond the common knowledge and comprehension, i.e., `beyond the ken' of the average juror." Conn. Code of Evidence § 7-2, and commentary appended thereto. Massameno's testimony would not go "beyond the ken" of the average juror. The subject of whether or not there was probable cause to arrest Thomas Wilkinson, should such issue be found to have any relevance to these matters, does not go beyond the common knowledge and comprehension. See, e.g., Mucci v. LaMonte,157 Conn. 566, 569, 254 A.2d 879 (1969) (police officer may not testify to his opinion about the cause of or responsibility of an accident.).
Additionally, the defendants have failed to provide a reasonable basis upon which the court could conclude that Massameno may testify to an opinion as a lay witness. This common law attendant this subject had been addressed through Conn. Code of Evidence § 7-1,[6] Because his opinions are not rationally based on his own perceptions, but are based upon the observations and perceptions of numerous other individuals, Massameno's lay opinions should not be admitted as evidence in these matters. CT Page 2938-v
Lastly, as noted, the opinions in Massameno's report are substantially based upon depositions of numerous individuals. The report, as submitted to the court, does not contain copies of the depositions or related materials, with the exception of certain drawings, but it does deliver Massameno's interpretation of the depositions and related documents. The defendants have clearly stated their intention to use Massameno's recollection of certain statements, related through the report but made by persons other than Massameno, for the purpose of contradicting evidence previously put before the jury. As such, the defendants intend to offer portions of this report, prepared outside of the courtroom, to establish the truth of certain matters contained therein. Massameno's interpretation of the depositions and other materials is based upon hearsay, and such hearsay is inadmissible pursuant to Conn. Code of Evidence § 8-2[7], absent a showing of an applicable exception to the rule against hearsay, and the requisite demonstration of measurable relevance.[8] Such burdens have not here been met by the defense, rendering Massameno's testimony at this juncture, even for purposes of authenticating the report at issue, premature.
WHEREFORE, based upon the foregoing cases and applicable principles of law, the state's motion to quash the subpoena recently served by the defendant, James Gordon "Bo" Gritz (Gritz) upon Senior Assistant State's Attorney John Massameno (Massameno) is hereby GRANTED.
BY THE COURT,
N. Rubinow, J. CT Page 2938-w